L. P. ATHAS, Richard L. Bird, Jr., Robert H. Bird, John H. Kelly, P. G. Paulos, Grant H. Chidester, Kenneth R. Pomeroy and Leslie E. Hart, and all other persons similarly situated, Plaintiffs,

v.

Sam DAY, Defendant.

Civ. No. 5394.

United States District Court
D. Colorado.

May 9, 1958.

Stone & Blood, Denver, Colo., and William D. Blood, Denver, Colo., for plaintiff.

Gene E. Fischer, Fort Collins, Colo., for defendant.

ARRAJ, District Judge.

Plaintiff's Third Amended Complaint alleges six causes of action. The first four are stated as class actions under Rule 23(a) (3), F.R.C.P., 28 U.S.C.A., and allege violations of 15 U.S.C.A. Secs. 77e and 77l, which provide for private causes of action where securities are sold without proper registration or by use of untrue statements. The last two are individual actions by the named plaintiffs alleging fraud. Defendant filed a Motion to Dismiss and, on argument, claimed that (1) there was no cause of action under the SEC Act for untrue statements that were not in interstate commerce, (2) that the action was barred by the statute of limitations as to all except the first five plaintiffs because they did not enter the case until more than one year after the fraud was discovered, (3) Rule 15 does not permit adding parties, and (4) this is a cause of action for fraud, which cannot be the subject of a class action.

The first question to be determined is —*Have plaintiffs alleged sufficient facts to state a claim against defendants under the SEC Act?*

■ 15 U.S.C.A. Sec. 77l, creates a private cause of action to recover the consideration paid for a security on tender of such security when the seller sells the security "by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements * * not misleading." Defendant maintains that facts must be alleged to show that the untrue statements were in interstate commerce to state a cause of action under this section. Plaintiffs contend that they have sufficiently alleged that statements were so made, and that it is only necessary that the securities themselves be sent interstate or through the mail. On this issue, plaintiff's contention is valid. Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F.2d 875 and Blackwell v. Bentsen, 5 Cir., 1953, 203 F.2d 690. In Schillner the sale and the statements made in connection therewith were intrastate, but the certificate was delivered by mail. The Court held that a cause of action was stated under Sec. 77l because the delivery was within the definition of a sale as set out in Sec. 77b(3). In Blackwell the sale and the statements made in connection with it were also intrastate, and the delivery of the security was by mail. Following Schillner, the Court held that the acts were within Sec. 77l; and the Court said that delivery was part of the sale and that the transaction was consummated by use of the mail.

■ It is here noted that paragraph 6 of the 1st cause of action and paragraph 4 of the 3rd cause of action allege that "The said sale or assignment to plaintiff * * * was effected by means of oral communication and use of the mails in interstate commerce and by interstate transportation, in the course of which untrue statements of material facts were made by defendant, and by others in his behalf, including the following: * * *." Following this, plaintiff sets out the alleged untrue statements. This allegation is sufficient to withstand a motion to dismiss on the grounds of failure to state a claim upon which relief can be granted.

■ It is a requirement of Sec. 77l that the purchaser did not know of the untruth or omission, and defendant here claims that plaintiffs have not alleged re-

liance on the false or untrue statements. However, plaintiffs have specified the dates of the sales and the dates on which they discovered that the statements were untrue. It would appear to be a sufficient allegation that plaintiffs did not know of the alleged untruths, and that no further reliance need be alleged.

The next question for determination is—*Are plaintiffs that were added in the Third Amended Complaint barred by the Statute of Limitations?*

It is alleged that the sales involved in this action occurred on March 5, 1955, and February 17, 1956, and that plaintiffs learned of the falsity of the statements in June, July, and October of 1955. The original complaint was filed on June 11, 1956, naming as plaintiffs "L. P. Athas, Richard L. Bird, Jr., Robert H. Bird, John H. Kelly and P. G. Paulos and all other persons similarly situated." The first amended complaint, filed on November 21, 1956, and the second amended complaint, filed on December 28, 1956, named the same parties plaintiff. The third and last amended complaint was filed on June 12, 1957, and added three persons, namely; Grant H. Chidester, Kenneth R. Pomeroy and Leslie E. Hart, as parties plaintiff.

15 U.S.C.A. Sec. 77m provides that,

"No action shall be maintained to enforce any liability created under * * * section 77*l*(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77*l* (1) of this title, unless brought within one year after the violation upon which it is based."

■ Plaintiff seeks to maintain this suit as a spurious class action under Rule 23(a) (3). In contrast to the true or hybrid class actions, this. (spurious class action) is merely a permissive joinder device where there is a common question of law or fact and common relief is sought. See 2 Barron and Holtzoff Sec. 562. If this were a true or hybrid class action, the only question would be whether plaintiff adequately represented the class. If he did, the statute of limitations would not bar their recovery. The spurious class action, however, involves separate causes of action, and is a matter of efficiency to avoid multiplicity of actions. Consequently, each plaintiff must be able to avoid the bar of the statute of limitations without reference to the other causes of action.

The problem here was considered at length in Pennsylvania Co. for Insurances, etc. v. Deckert, 3 Cir., 1941, 123 F.2d 979; that case involved a spurious class action under 15 U.S.C.A. 77*l*(2), the section in issue here. There the Court said that it was a spurious class action because there was no common fund or common property which plaintiffs were looking to to enforce their claims. The Court went on to say that additional plaintiffs could not intervene after the statute of limitations contained in Sec. 77m had run as to them.

■ Plaintiff here claims that Rule 15, concerning relation back of amendments, permits the addition of the additional parties here. Defendant asserts that Rule 15 does not permit adding parties. Rule 15 does permit adding parties by amendment, but it may not be construed to enable a party to avoid the effect of a statutory limitation fixing the time in which the action may be brought. 1 Barron & Holtzoff 935 (Sec. 452).

■ From this it seems clear that the three plaintiffs who were added in the third amended complaint here are barred by the statute of limitations. The only remaining question on this point then is whether the statute of limitations can be raised by a motion to dismiss. One line of cases holds that the issue can be raised only by answer. However, in 1 Barron & Holtzoff 522 (Sec. 281) it is said that,

"A large number of cases hold that under Rule 9(f) making averments of time material in testing the

sufficiency of the complaint, a complaint averring dates which show that the claim is barred fails to state a claim upon which relief can be granted and can be dismissed on a motion on that ground under Rule 12(b) (6)."

In the 10th Circuit it is settled that the issue can be raised by a motion to dismiss. Rohner v. Union Pac. R. Co., 10 Cir., 1955, 225 F.2d 272; Panhandle Eastern Pipe Line Co. v. Parish, 10 Cir., 1948, 168 F.2d 238; Gossard v. Gossard, 10 Cir., 1945, 149 F.2d 111.

It is noted that plaintiffs filed a motion to permit the withdrawal of the Second Amended Complaint and file a Third Amended Complaint for the reason that they had but recently learned of other persons with claims who desired to assert them in the same pleading. This motion was granted by one of the Judges of this Court. However, no dates were stated in that motion, and there were no facts alleged by which the Court could have concluded at that time that the statute of limitations barred those additional plaintiffs. Only from the face of the Third Amended Complaint, and the dates alleged therein, does it appear that grounds exist for dismissal of these plaintiffs.

The last question to be answered is— *Can the matters alleged in the Complaint be the subject of a class action?*

Defendant's contention that this is a cause of action for fraud and therefore cannot be the subject of a class action does not appear to be well founded. The first four causes of action in the complaint are statutory, and it is clear that a class action can be brought under the statute here. See Pennsylvania Co. for Insurances, etc. v. Deckert, supra. The last two causes of action in the complaint are based on fraud, but are not class actions, and consequently defendant's contention does not apply to them.

An appropriate order will be entered dismissing the Third Amended Complaint insofar as it pertains to plaintiffs

Grant H. Chidester, Kenneth R. Pomeroy and Leslie E. Hart; and dismissing the cause of action of said three named parties, against the defendant. The balance of defendant's Motion to Dismiss is denied.