Lawrence P. HICKEY, George D. Sullivan, Jr., Burton H. Young and Thomas R. Benz, Plaintiffs-Appellants,

v.

ILLINOIS CENTRAL RAILROAD, an Illinois corporation, Defendant-Appellee.

No. 12846.

United States Court of Appeals Seventh Circuit.

May 23, 1960.

Rehearing Denied June 23, 1960.

Burton H. Young, Lawrence P. Hickey, George D. Sullivan, Jr., Thomas R. Benz, Chicago, Ill., appellants, pro se, Young & Hickey, Chicago, Ill., of counsel.

Herbert J. Deany, A. Edmund Peterson, Anne G. Carter, Robert S. Kirby, John Mann, William M. Rice, Chicago, Ill., for appellee, Joseph H. Wright, Chicago, Ill., of counsel.

Before DUFFY and SCHNACKEN-BERG, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

Lawrence P. Hickey, George D. Sullivan, Jr., Burton H. Young and Thomas R. Benz, plaintiffs, have appealed from an order entered by the district court dismissing their suit against the Illinois Central Railroad company, an Illinois corporation, sued herein as "The Illinois Central Railroad".[1]

Plaintiffs sued as citizens and taxpayers of both the state of Illinois and the United States. They also sued by way of representation pursuant to 28 U.S. C.A. rule 23, on behalf of others similarly situated, including the people of the city of Chicago.

They briefly state the subject matter of their lawsuit to be the air rights of the land occupied, used or controlled by the Illinois Central Railroad company (herein referred to as defendant), for railroad purposes. The record before us indicates that the area involved lies east of Michigan avenue and fronts upon Lake Michigan, between Monroe street and the Chicago river.

It is plaintiffs' contention that defendant has no right to such land, including reclaimed submerged land, except to occupy, use and control the same for its railroad purposes, and that the railroad has no dominion over the air rights in and to such land except for railroad purposes. Plaintiffs further contend that defendant wrongfully usurped dominion over the air rights to such land when it sold the same to the "Prudential Building."

Stated briefly, plaintiffs list the sources, documents and events, upon which they base their complaint, as follows:

1. The United States of America, by way of grant of public lands of the United States to the State of Illinois by the Act of Congress of 1850 (9 Stat. 466, 1850);

2. The United States of America by way of conveyance or permissive use apart from the Act of 1850;

3. The State of Illinois by virtue of the charter incorporating the defendant (Illinois Private Laws, 1851);

4. The City of Chicago by virtue of various ordinances of the common council, principal among which was that ordinance adopted June 14, 1852;

5. Conveyances by way of deed from private persons, firms or corporations;

6. Acquisition by condemnation, the right of eminent domain having been granted to defendant by the State of Illinois in said charter;

7. Filling in and taking of submerged lands of the State of Illinois along the shore line of Lake Michigan.

It is plaintiffs' theory that the air rights, which they state defendant has sold to the "Prudential Building", "have been and are being wrongfully and illegally taken and usurped by the defendant railroad for other than railroad purposes, and, sold or otherwise disposed of to the wrongful, illegal and permanent loss, injury and damage of the right, interest and entitlement thereto of the People of the State of Illinois, the People of the United States and others similarly situated, including the People of the City of Chicago".

They seek by their suit, *inter alia*, to have a judicial declaration that the land and air rights have reverted to the people of the state of Illinois, or the people of the United States, or others similarly situated, including the people of the city of Chicago, and that all monies received by defendant on account of its sale of the land or air rights which are devoted to other than railroad purposes be de-

1. William P. Rogers, attorney general of the United States, Latham Castle, attorney general of the state of Illinois, and John C. Melaniphy, corporation counsel of the city of Chicago, were also named as defendants but the suit was dismissed as to them, to which plaintiffs agreed.

posited with the court pending determination of who is entitled thereto.

It is agreed that the following are the questions which we must decide:

1. Whether plaintiffs have no authority to maintain this suit on behalf of the federal, state or municipal governments.

2. Whether plaintiffs have no authority to maintain this suit as a representative suit.

■ 1. As to the alleged authority of plaintiffs to sue on behalf of the federal government, we note that, in Com. of Massachusetts v. Mellon, 262 U.S. 447, 487, 43 S.Ct. 597, 601, 67 L.Ed. 1078, it was said:

"The administration of any statute, likely to produce additional taxation to be imposed upon a vast number of taxpayers, the extent of whose several liability is indefinite and constantly changing, is essentially a matter of public and not of individual concern. If one taxpayer may champion and litigate such a cause, then every other taxpayer may do the same, not only in respect of the statute here under review, but also in respect of every other appropriation act and statute whose administration requires the outlay of public money, and whose validity may be questioned. The bare suggestion of such a result, with its attendant inconveniences, goes far to sustain the conclusion which we have reached, that a suit of this character cannot be maintained. It is of much significance that no precedent sustaining the right to maintain suits like this has been called to our attention, although, since the formation of the government, as an examination of the acts of Congress will disclose, a large number of statutes appropriating or involving the expenditure of moneys for nonfederal purposes have been enacted and carried into effect.

" * * * The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally. * * *"

In Alabama Power Co. v. Ickes, 302 U.S. 464, 478, 58 S.Ct. 300, 303, 82 L.Ed. 374, the court said:

" * * * Petitioner alleges that it is a taxpayer; but the interest of a taxpayer in the moneys of the federal treasury furnishes no basis for an appeal to the preventive powers of a court of equity. [Com. of] Massachusetts v. Mellon, 262 U.S. 447, 486, et seq. [43 S.Ct. 597, 67 L.Ed. 1078]. * * *"

Accordingly, we hold that plaintiffs cannot maintain this action on behalf of the federal government or, as they have also stated it, on behalf of the people of the United States.

■ 2. Plaintiffs contend that their suit is maintainable on behalf of the people of the state of Illinois, and also the people of the city of Chicago. If their suit is maintainable on this theory, which we do not decide at this time, then they have instituted in a federal district court an action in which all the parties are citizens of the state of Illinois. Absent any other ground of federal jurisdiction, this lack of diversity of citizenship deprives the federal courts of jurisdiction of this cause of action. The situation in this case is in strong contrast to that in State of Illinois v. Illinois Central R. Co., C.C., 33 F. 721, cited by plaintiffs, in which there was present in the case an issue of constitutionality arising under the constitution of the United States. It was there held, at page 726, that the presence of this issue gave the federal courts jurisdiction.

If the state of Illinois were to sue the defendant for default in any of the obligations which the latter assumed to the state in the charter of 1851, the fact that the state had theretofore acquired

the land in question from the federal government by the congressional grant of 1850 would not inject a federal question into the case. Defendant was a stranger to that grant. Whether or not the United States could have maintained an action against defendant, because of facts alleged by plaintiffs herein, based upon the Act of 1850, we need not decide, because no such case is before us.

■ Belatedly, plaintiffs in their reply brief attempt to justify federal jurisdiction by citing United States v. Union Pac. R. Co., 353 U.S. 112, 77 S.Ct. 685, 1 L.Ed.2d 693. However, that case was brought by the United States itself. Of course, the federal courts are always open to entertain suits by the federal government on its own behalf. Art. III, § 2, Constitution of United States.

We conclude that, insofar as plaintiffs sue on behalf of the people of the State and City, the case is not within the jurisdiction of the federal courts.

■ 3. Lastly plaintiffs argue that they properly maintain their suit as a class action pursuant to 28 U.S.C.A. rule 23. It is clear from their brief that plaintiffs purport to represent others having *private* reversionary interests, when they seek a declaration of the defendant's limited interest in the land and air rights. They state that they rely on rule 23 in asserting the rights of persons constituting a numerous class having a common or general interest in the relief sought against defendant.

However, assuming that there is such a class for whom a suit under rule 23(a) might be brought, plaintiffs have not shown that they are authorized by that rule to bring the suit. The rule provides that such a suit may be brought by one or more members of the class. There is no allegation that plaintiffs are members of that class. Rock Drilling etc. v. Mason & Hanger Co., 2 Cir., 217 F.2d 687, 693.

For the reasons set forth, the order of the district court is affirmed.

Affirmed.