Frank T. SLACK, Appellant,

v.

George STINER and Robert E. Anderson
et al., Appellees.

No. 22114.

United States Court of Appeals
Fifth Circuit.

March 18, 1966.

Rehearing Denied April 18, 1966.

Ernest S. Fellbaum, Houston, Tex., for appellant.

E. H. Thornton, Jr., Houston, Tex., Dyche, Wheat, Thornton & Wright, Houston, Tex., for appellees.

Before JONES and BROWN, Circuit Judges, and DYER, District Judge.

JONES, Circuit Judge:

George Stiner and Robert E. Anderson brought separate actions in the United States District Court for the Southern District of Texas against the appellants, Frank T. Slack and others, under the Securities Act of 1933, 15 U.S.C.A. § 77a et

seq., alleging that the defendants made sales to the plaintiffs of shares of the unregistered capital stock of New Jersey Standard Uranium Company, and that such sales were effected by untrue statements of material facts and omissions to state material facts, the plaintiffs not knowing of such untruths or omissions. The use of interstate transportation or communication and of the mails to sell the securities was stated. It was alleged that the plaintiffs "discovered such untrue statements and omissions within a period of one year next prior to the commencement" of the actions. The complaint of Anderson alleges a purchase on May 19, 1955, of 201,000 shares for $20,100, and a purchase on August 23, 1955, of 50,000 shares for $5,000, with an ad damnum of $25,100, with interest and costs. The complaint of Stiner alleges a purchase on October 3, 1955, of 250,000 shares for $25,000, a purchase on October 25, 1955, of 93,000 shares for $9,300, and a purchase on February 4, 1956, of 100,000 shares for $10,000, with an ad damnum of $44,300. The complaints are otherwise identical. Both complaints were filed on September 17, 1956. Both plaintiffs were represented by the same attorneys. Nothing in the original complaints alleged or indicated that in the making of any of the purchases of stock by the plaintiffs they were acting for anyone other than themselves.

The defendants, on October 5, 1956, filed an answer to the complaint of Anderson, and while it is not set forth in the mimeographed record brought to this Court, it may be assumed that a like answer was filed to the Stiner complaint. On August 9, 1962, amended answers were filed in which the defendants asserted,

among other defenses, that the actions were barred by the provisions of Section 13 of the Securities Act of 1933.[1]

A pretrial order, approved by counsel for both plaintiffs and defendants, recited that, "The following jurisdictional questions were raised and disposed of as hereinafter indicated: This Court has full jurisdiction and venue of the parties to, and subject matter of, each of said causes." The nature of the jurisdictional issues is not disclosed. The consolidation of the two actions by agreement is recited. The claims of the plaintiffs and defendants are set forth. Among these is the claim of the defendants that the facts upon which Anderson's claim was based were "discovered, or by the use of reasonable diligence could have been discovered, by Plaintiff more than one (1) year next preceding the commencement of Plaintiff's suit and said cause of action is therefore barred by the one year Statute of Limitations."[2] In the pretrial order it was recited that the defendants claimed a bar of the cause of action by limitations. The pretrial order contained a number of stipulations. Among these is a stipulation that "Robert E. Anderson and those for whom he acted in making the stock purchases aforesaid were and are non-residents of the State of Texas, the names and addresses of all of said persons being as," with the names and addresses of twenty-five persons, including Anderson, following. A like stipulation was made as to the persons for whom Stiner acted, with the names and addresses of seventy-one persons, including Stiner. Other facts, not relevant to the issues on this appeal, were stipulated. The issues to be decided were set forth in the pretrial or-

---

1. "No action shall be maintained to enforce any liability created under section 77k or 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based.

In no event shall any such action be brought to enforce a liability created under section 77k or 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale." 15 U.S.C.A. § 77m.

2. The Stiner complaint was filed within a year following the date of the purchases alleged to have been made by him.

der. These were confined to representations made by the defendants to the named plaintiffs of the complaints and the omissions by the defendants in their representations to the named plaintiffs. No issue was made, or decided, as to representations or omissions of the defendants as to the persons for whom the plaintiffs acted.[3] The pretrial order, which all counsel had approved, stated that there were no contested issues of law.

■ A trial date was fixed by the pretrial order as October 29, 1962. The district court judgment, entered September 4, 1964, recites that the consolidated cause came on for trial on October 29, 1962. On November 28, 1962, during the course of the trial, at the suggestion of and with the permission of the district court, the plaintiffs filed an instrument designated as a trial amendment "in which each of the persons for whom the plaintiff George F. Stiner and the plaintiff Robert E. Anderson acted in making stock purchases are made parties plaintiff." The names of these persons, their addresses, and the number of shares purchased for the account of each were set forth. The defendants, by their trial amendment[4] stated that the causes of action of the additionally named plaintiffs were barred by the limitation provisions of Section 77m.[5] It was not until September 4, 1964, that findings of fact and conclusions of law were made. It was found that material facts were misrepresented and that omissions were made. It was found that the defendants at all times knew that Anderson and Stiner were acting for themselves and for the others specifically named. These findings are not challenged. The testimony is not before us. From the last of the district court's findings stems one of the questions before us on appeal and it will not be amiss to set it forth in full. The court found:

"Although the original complaints in both C.A. 10,175 [Stiner v. New Jersey Standard Uranium Company, et al] and C.A. 10,176 [Anderson v. New Jersey Standard Uranium Company] filed on September 17, 1956, did not recite that Stiner and Anderson purchased stock for any persons other than themselves, the pretrial order entered September 12, 1962, did recite that they had acted for certain persons named in the order and that they are authorized and empowered to institute suit both for themselves and for those persons for whom they had acted. Although the defendants, including Frank T. Slack, contended in the pretrial order that the statute of limitations had barred the causes of action under 15 U.S.C.A. § 77l(2) of the plaintiffs in C.A. 10,176 [Anderson], the contention was based upon the expiration of the limitation period *before* the filing of the original complaint. There is no contention that the causes of action of plaintiffs in either C.A. 10,175 or C.A. 10,176 were barred by a limitation period which was not tolled by and did not expire until sometime *after* the filing of the original complaint." [Emphasis is that of district court.]

We are not restricted in our review of the quoted finding since it is based upon the pretrial stipulation of the parties. Cf. 2B Barron & Holtzoff Federal Practice & Procedure 516 et seq., § 1132.

In the district court's conclusions of law there were determinations that Anderson, Stiner and three others were

---

3. While perhaps unlikely it is nevertheless possible that some of those for whom the plaintiff Anderson acted might have acquired knowledge of misrepresentations or omissions within a period which would have barred their claims, even though Anderson himself had no such knowledge. There is a finding that none of them knew, or by the exercise of reasonable diligence could have known, of the falsity of representations or of the omissions until within one year of September 17, 1956, but there is no finding that knowledge was not acquired prior to the year preceding the bringing of the action.

4. The defendants' trial amendment was filed on November 27, 1962, the day preceding the filing date of the plaintiffs' trial amendment. No confusion has resulted.

5. Supra, note 1.

underwriters or dealers within the meaning of the Act and hence not entitled to its protection.[6] The district court concluded that the limitation provision of 15 U.S.C.A. § 77m [7] is an integral part of the causes of action for civil liability created by the Act and its running extinguishes not only the remedy but also the right of action itself. It was held that the added plaintiffs in the Anderson suit were not barred by limitations from recovery on their cause of action based upon the sale of stock.[8] It was held that the claims of two of the added plaintiffs in the Stiner suit were barred by the limitation provision. The district court decided that the sales made to the added plaintiffs, except for those few to whom recovery was denied as before indicated, were entitled to recover because of violations of Section 77l(2) of the Act.[9] The conclusion of the district court most strongly attacked is stated in these words:

> "This suit is a spurious class action, thereby involving separate causes of action; consequently, normally, each plaintiff must be able to avoid the bar of the statute of limitations without reference to the other causes of action. Athas v. Day, 161 F.Supp. 916 (D.Colo.1958). However, in this case, the pretrial order entered into by the

parties contains agreements which, when construed in relation to one another, constitute a stipulation that the filing of C.A. 10,175 and C.A. 10,176 on September 17, 1956, tolled the statute of limitations as to those plaintiffs against whom it had not already run at that date.

"A pretrial order is binding on the parties and controls the subsequent course of the action unless modified to prevent manifest injustice. 3 Moore's Fed. Practice § 16.20. To modify the pretrial order in this case would not only not prevent manifest injustice, but would itself cause injustice. The request for modification is made after trial had actually begun and by an attorney who was permitted to be substituted with the understanding that he would be bound by all previous proceedings. Also, the defendants knew that Stiner and Anderson had not purchased all of the stock for themselves and thus they were bringing suit for others as well as for themselves. On the other hand, to modify the pretrial order would be to defeat the rights of action of many innocent persons to have returned to them the consideration they paid for stock issued to them in violation of the 'Securities Act of 1933.' The pretrial order will therefore re-

---

6. 15 U.S.C.A. § 77d.

7. Supra, note 1.

8. "Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—
"(1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale."
15 U.S.C.A. § 77e(a).

9. "Any person who—
"(a) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instru-

ments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,
"shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security." 15 U.S.C.A. § 77l(2).

main unmodified and is binding on the parties."

Judgment was entered for those of the added plaintiffs who were held to be within the protection of the Act and the defendants have perfected this appeal, asserting the following four grounds of error:

"[1] The error of the Court in finding that ROBERT E. ANDERSON and GEORGE F. STINER were authorized and empowered to institute suit for the other persons for whom they acted.

"[2] The error of the Court in finding that FRANK T. SLACK'S contention in the pretrial order to the effect that the Statute of Limitations has barred the cause of action in C.A. 10,-176, was based upon the expiration of a limitation period before the filing of the original complaint. And that there is no contention that the causes of action of Plaintiffs in either cause were barred by a limitation period which was not tolled by and did not expire until sometime after the filing of the original complaint.

"[3] The Court erred in its conclusion of law to the effect that the pretrial order entered into by the parties tolled the Statute of Limitations as to those Plaintiffs against whom it had not already run at that date.

"[4] The Court erred in holding that the stipulation mentioned was legally sufficient to constitute an affirmative agreement to supply a necessary element of Plaintiffs' causes of action."

■ We think the district court misconstrued the effect of the pretrial order as waiving the statute of limitations. When these two suits were commenced they were actions by the plaintiffs Stiner and Anderson for themselves and for no one else. It was in no sense a class action. The suits may have become spurious class actions [10] when it was stipulated in the

pretrial order that the plaintiffs were acting for the others there named. In discussing spurious class actions, the Court of Appeals for the Second Circuit has said:

"It stands as an invitation to others affected to join in the battle and an admonition to the court to proceed with proper circumspection in creating a precedent which may actually affect non-parties, even if not legally res judicata as to them. Beyond this, as we in common with other courts have pointed out, it cannot make the case of the claimed representatives stronger, or give them rights which they would not have of their own strength, or affect legally the rights or obligations of those who do not intervene." All American Airways v. Elderd, 2nd Cir. 1954, 209 F.2d 247, 248.

■ The recital in the pretrial order that the persons named in it were not necessary parties can have no effect on the jurisdictional necessity of making them parties if they were to share in any fruits which the litigation might bear. It was apparently realized that no judgment could be entered for the persons named in the pretrial order unless they were made parties as was done, at the court's suggestion, by an amendment during the trial.

If, at the outset, the two suits had been class actions the question as to whether the suits were "commenced" so as to toll the running of the limitation period might have been a difficult one. Frequently cited is a statement of the Court in York v. Guaranty Trust Co., 2nd Cir. 1944, 143 F.2d 503, 509, reversed on other grounds 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, reh. den. 326 U.S. 806, 66 S.Ct. 7, 90 L.Ed. 491. There it was said that in a spurious class action participation in the suit should not be precluded when reliance has been placed upon the timely commencement of

---

10. A spurious class action is one in which the interests of the members of the class are several and not interdependent and where joinder is a matter of efficiency to avoid a multiplicity of suits. Knowles v.

War Damage Corporation, 83 App.D.C. 388, 171 F.2d 15, cert. den. 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077. See Rule 23 (a) (3).

the original action. This statement has been referred to as dictum. 2 Barron & Holtzoff Federal Practice and Procedure 315 § 568 n. 15.4. The rule has been criticized. 3 Moore's Federal Practice, 1965 Supp. 244 n. 23. The District Court for the District of Colorado has held that each claimant for himself must be able to avoid the bar of limitations without reference to when the claims of others were judicially asserted. Athas v. Day, D.Colo.1958, 161 F.Supp. 916. In the rather recent case of Escott v. Barchris Construction Corporation, 2nd Cir. 1965, 340 F.2d 731, cert. den. sub nom Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63, the so-called dictum of York v. Guaranty Trust Co., supra, was applied but with a strong dissent of Judge Friendly.

■ We do not have here a case where there was a class suit at the inception of the litigation. The earliest date when the single-plaintiff suits could have become class actions was at the time of the pretrial order. Since the sales were made more than three years before the pretrial order, the plaintiffs who were joined by the amendment at the trial are barred by the limitation of the Act.

■ There is another reason why, in our opinion, the added claimants cannot recover. The original plaintiffs, by the pretrial order, were stipulated to represent the other named persons. But the action could be maintained by the original plaintiffs as a class suit only if they were members of the class they sought to represent. The cause of action under the Securities Act is given to those purchasers who are not underwriters or dealers. Anderson and Stiner, being underwriters or dealers are not members of the class entitled to recover and hence they cannot maintain a class action. Hickey v. Illinois Central Railroad, 7th Cir. 1960, 278 F.2d 529, cert. den. 364 U.S. 918, 81 S.Ct. 284, 5 L.Ed.2d 258; Rock Drilling, etc. Union No. 17 v. Mason & Hangar Co., 2nd Cir. 1954, 217 F.2d 687, cert. den. 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249.

The judgment of the district court must be reversed with and the cause remanded with directions to enter judgment for the appellants.

Reversed and remanded.