**Nathan STRAUS, Plaintiff,**

v.

**Jacob H. GILBERT, Defendant.**

**No. 68 Civ. 2271.**

United States District Court
S. D. New York.

June 11, 1968.

David Levy, New York City, for plaintiff.

John M. Foley, New York City, for defendant.

## Memorandum Opinion

MOTLEY, District Judge.

Plaintiff seeks a preliminary injunction enjoining defendant, his agents, servants and/or employees from sending free pursuant to the franking privilege, 39 U.S.C. § 4161 et seq., a) any mail sent to postal patrons or residents of the 22nd Congressional District until such time as they become part of the 22nd Congressional District pursuant to state law (January 1, 1969); b) the Congressional Record unless it is reprinted exactly and without variation or additions; and c) the Congressional Record, or any part or reprint thereof, in which there has been inserted material primarily for the purpose of campaigning in the Democratic primary. The motion is denied.

Defendant is a member of Congress seeking reelection. Plaintiff is his opponent in the Democratic primary. Defendant has utilized the franking privilege to send three letters to

"Postal Patron—Local

22nd Congressional District

Bronx, New York."

Each of the three letters mailed by defendant contained a letter reprinted from the Congressional Record. In all the type has been reset to be more legible. Two of the letters also contain photographs of Congressman Gilbert. One letter, the first, contains a covering letter introducing the Congressman to the recipient and offering assistance.

This court has jurisdiction over this controversy, it would appear, under 28 U.S.C. § 1339 which provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."

The franking privilege is governed by acts regulating the postal service. Public Law 86–682, 74 Stat. 578. Title 39 U.S.C. § 4163 provides that:

"Members of Congress may send as franked mail the Congressional Record, or any part thereof, or speeches or reports therein contained."

This statute should be dispositive of this controversy. This court does not read this statute as requiring exact duplication of the Congressional Record without variance. Neither do we believe that inserting a covering letter nor the addition of a picture removes the reprint from the ambit of the statute.

Insofar as the plaintiff would have this court prohibit the use of the frank on the Congressional Record containing material inserted for campaigning purposes,

a) the statute has no such limitation;

b) the letters here at issue do not mention the campaign; and

c) this court does not, and cannot, tell Congress what it can print in its Journal.

Insofar as the relief sought is to limit the mailings to the "old" 22nd Congressional District,

a) the statute has no such limit; and

b) such a complaint would be properly made against the Postmaster, not a party here, who is presently delivering the mail outside of the present 22nd Congressional District and not against defendant. Defendant is properly addressing the letters to his constituents.

Finally, "Congressmen undoubtedly have a responsibility to inform their constituents, and undoubtedly circulation of the Congressional Record is a convenient method." McGovern v. Martz, 182 F.Supp. 343, 348 (D.C.D.C. 1960). In so informing their constituents, as Gilbert did here, another statute 39 U.S.C. § 4161(2) allows this use of the frank.

This court does not feel it should intrude on a political dispute in any event. And clearly, the Congressman is not violating the statute. No injunction will issue.

So ordered.