Max **HORWITZ** and L. J. Horwitz, on behalf of themselves and all other stockholders of Natural Oil & Gas Producing Company, a corporation, Plaintiffs,

v.

**PANHANDLE EASTERN PIPE LINE COMPANY, a corporation, Defendant.**

Civ. No. 67-2.

United States District Court
W. D. Oklahoma.

Dec. 30, 1968.

Calvin W. Hendrickson, of Pierce, Mock, Duncan, Couch & Hendrickson, and Hugh A. Baysinger, Oklahoma City, Okl., for original plaintiffs and for additional party plaintiff.

Coleman Hayes, Oklahoma City, Okl., and Wendell J. Doggett, and William S. Richardson, Kansas City, Mo., for defendant.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration the requirement, as prescribed by Rule 23 (c), F.R.Civ.P., 28 U.S.C.A., to determine if the above action may be maintained as a class action under said Rule as requested in the Amended Complaint. The Defendant opposes the maintenance of the action as a class action.

The action of Plaintiffs is based on common law fraud and the provisions of the Securities Act of 1933, 15 U.S.C.A. § 77q, the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j and Rule 10b–5 thereunder.

In brief, Plaintiffs' action alleges that on November 19, 1959, the Defendant delivered to one of the named Plaintiffs an engineering report on potential gas reserves underlying approximately 34,000 acres of land in Alfalfa County, Oklahoma, which report was discovered to be false in November 1965 and February 1966; that in 1962, the named Plaintiffs organized Natural Oil & Gas Producing

Company, a corporation, (Natural)[1] and in 1963 and subsequent years in return for oil and gas leases, cash and services rendered Natural issued stock to approximately 175 stockholders. Plaintiffs claim that the said engineering report was used in the sale of this stock and because of its falsity and the involvement of instrumentalities of Interstate Commerce, the stockholders as a class are entitled to recover certain damages from the Defendant and the named Plaintiffs are entitled to recover damages as stockholders and certain other damages from the Defendant.

The pleadings[2] and depositions in the case clearly reveal that the named Plaintiffs were promoters, underwriters and dealers in the sale of the Natural stock as said terms are defined in the Acts and Rules thereunder.[3] In Slack v. Stiner, 5 Cir., 358 F.2d 65, at p. 70, it was stated:

"The cause of action under the Securities Act is given to those purchasers who are not underwriters or dealers. Anderson and Stiner, being underwriters or dealers are not members of the class entitled to recover and hence they cannot maintain a class action. Hickey v. Illinois Central Railroad, 7th Cir. 1960, 278 F.2d 529, cert. den. 364 U.S. 918, 81 S.Ct. 284, 5 L.Ed.2d 259; Rock Drilling, etc. Union No. 17 v. Mason & Hanger Co., 2nd Cir. 1954, 217 F.2d 687, cert. den. 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249."

The named Plaintiffs being underwriters and dealers in the Natural stock cannot maintain a class action for the stockholders to whom they sold Natural stock. The fact that the named Plaintiffs also own some stock in Natural is not deemed to change the rule in Slack v. Stiner, supra. As underwriters and dealers or as control persons (of Natural), these named Plaintiffs may themselves be the target of a 10b–5 action by the stockholders who bought Natural stock from them.

The Defendant also claims that there are no questions of law or fact common to the purported class; that the claims of the individual Plaintiffs are not typical of the claims of the members of the alleged class and that the interests of the individual Plaintiffs are antagonistic to the interests of the purported class and by reason thereof their representation will not fairly and adequately protect the interests of the purported class. All of these claims are meritorious since the named Plaintiffs were underwriters and dealers of the Natural stock but the Court will not treat in detail with the same inasmuch as the named Plaintiffs by their own statements in their Amended Complaint acknowledge that they were promoters, underwriters and dealers of the Natural stock (in fact, seek damages for their individual underwriting and promotional expense) and, in these circumstances, a class action cannot be permitted.

The Court, therefore, dismisses that part of the Complaint which pertains to a class action.

1. The named Plaintiffs were officers and directors of Natural.

2. Plaintiffs' Amended Complaint alleges: "As further consideration for stock in Natural Oil & Gas Producing Company plaintiffs, Max Horwitz and L. J. Horwitz, d/b/a Western Oil and Gas Company, incurred expenses in underwriting the stock prospectus for Natural Oil & Gas Producing Company and expenses incurred in other promotional efforts in the issuance and sale of stock in Natural Oil & Gas Producing Company. * * * In addition, these plaintiffs allege that they have been damaged in the following respects, to-wit: * * * the expenditures incurred by Max Horwitz and L. J. Horwitz for promotional efforts and for the expense of underwriting the stock prospectus for Natural Oil & Gas Producing Company; * * *"

3. 15 U.S.C.A. § 77b, defines an "underwriter"; 15 U.S.C.A. § 78c, defines a "dealer" and a "promoter" is defined in subsection (q), 17 C.F.R. 230.405.