Annette Flatto **LEVY**, Individually and as representative of a class similarly situated, Plaintiff,

v.

**Bella ABZUG**, Defendant.

No. 72 Civ. 4663.

United States District Court,
S. D. New York.

Nov. 6, 1972.

Schachter & Wiseman, New York City, for plaintiff; Samuel Wiseman, New York City, of counsel.

Rudes & Lax, New York City, for defendant; Eric Hirschhorn, New York City, of counsel.

## MEMORANDUM AND ORDER

ROBERT L. CARTER, District Judge.

Plaintiff is a registered voter and a candidate for Representative of the 20th Congressional District, State of New York. Defendant is the current Representative of the 19th Congressional District, State of New York and a candidate for election as Representative of the 20th Congressional District.

The 20th Congressional District, for which a Representative will be chosen on November 7, 1972, is newly drawn pursuant to reapportionment and includes portions of the current 19th Congressional District and areas outside that District.

Plaintiff seeks to enjoin the defendant from misrepresenting to registered voters residing outside the existing 19th Congressional District that she is their duly elected Representative; from using her frank to send political literature to voters outside the 19th District; and to require defendant to account to the United States Post Office for the cost of mailings allegedly distributed under the franking privilege to non-constituents.

Defendant has brought a cross motion to dismiss the complaint.

Plaintiff has failed to cite any instance in which defendant alleged that she was the elected representative of persons residing outside the existing 19th Congressional District. However,

even if such representations were proved, this Court lacks jurisdiction to enjoin them. As this Court stated with regard to a similar claim in the case of Belardino v. Murphy, 72 Civ. 4474, decided October 30, 1972:

> "It does not arise under federal law. There is no diversity jurisdiction. There is no 'pendent jurisdiction' (Wright, Federal Courts (2d ed.) pp. 62–65) and, even if there were, the Court would have discretion to decline to decide the State claim (United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This would be an appropriate case for declining to hear the State claim."

 Plaintiff has shown that defendant used her franking privilege to mail a four page folder entitled "Here's Where I Stand!" to persons residing outside the 19th Congressional District. It is conceded by the plaintiff that the text mailed had been printed in the Congressional Record. The mailing was therefore authorized under 39 U.S.C. § 3212 which provides that—

> "Members of Congress may send as franked mail the Congressional Record, or any part thereof, or speeches or reports therein contained."

There is no limitation of such mailings to constituents. Plaintiff asserts that the material was inserted in the Congressional Record solely for the purpose of use in defendant's election campaign. Even assuming that to be true, there is nothing in the statute to prevent use of the frank by a United States Representative for that purpose. Moreover, as the court held in Straus v. Gilbert, 293 F. Supp. 214 (S.D.N.Y.1968), neither the failure to duplicate the Congressional Record exactly, nor the inclusion of photographs removes a mailing from the ambit of § 3212.

Belardino v. Murphy, *supra,* Rising v. Brown, 313 F.Supp. 824 (C.D.Cal.1970) and Hoellen v. Annunzio, 468 F.2d 522 (7th Cir. 1972) are distinguished on the ground that they were decided under 39 U.S.C. § 3210 which grants the franking privilege for the mailing of "official business." In the *Belardino* and *Hoellen* cases, § 3212 was apparently not at issue. In the *Rising* case, § 3212 was held inapplicable since the mailing in question was inserted in the Congressional Record only after suit was commenced.

 Even if the mailing in question had not been authorized, plaintiff lacks standing to recover funds in behalf of the United States Post Office. See Hickey v. Illinois Central Railroad, 278 F.2d 529 (7th Cir. 1960).

The motion for a preliminary injunction is denied. Defendant's cross motion for dismissal of the complaint is granted.

So ordered.