NANCY K. WAKUYA and TED T. WAKUYA, Plaintiffs-Appellants, *v.* OAHU PLUMBING & SHEET METAL, LTD., dba SEN COMPANY, Defendant and Third-Party Plaintiff-Appellee, *v.* SECURITY CORPORATION and KUMAHIRA SAFE COMPANY, Third-Party Defendants-Appellees, and CITY BANK, Third-party Defendant

NO. 7341

(CIVIL NO. 49492)

DECEMBER 27, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED TEMPORARILY

*Per Curiam.* This case is before us on certiorari from the intermediate court of appeals. It involves an action for injuries sustained by Nancy Wakuya on October 4, 1974, when the handle of the bank vault door she was trying to open suddenly became detached and she fell backwards onto the floor. She was an employee of the Kailua Branch of City Bank at the time. Mrs. Wakuya and her husband (hereinafter "Wakuyas") are the plaintiffs-appellants in this action. The handle and door in question had been manufactured by Kumahira Safe Company (hereinafter "Kumahira"), distributed by Security Corporation (hereinafter "Security"), and installed by Oahu Plumbing & Sheet Metal, Ltd., dba Sen Company (hereinafter "Oahu"), which provided periodic maintenance, twice a year, on the whole mechanism under a contract with City Bank.

On September 24, 1976, the Wakuyas filed suit against Oahu. Also made parties defendants in their action were John Does I to X. The allegations as to them were:

> The true names and capacities, whether individual, corporate, partnership, or otherwise, of Defendants JOHN DOES I to X, inclusive, and each of them, are unknown to Plaintiffs, who, therefore, sue these Defendants by such fictitious names and will ask leave of court to amend this Complaint when the same shall have been ascertained; Plaintiffs are informed and believe and upon such information and belief state the fact to be that each Defendant designated herein as a "JOHN DOE" was responsible, negligently, or in some other manner, for the events and happenings referred to herein.

On December 30, 1976, the Wakuyas' counsel and the attorney for Oahu entered into a stipulation providing for the filing of a third-party complaint against Security, Kumahira, and City Bank. This stipulation was approved by the court and filed on January 11, 1977. On April 5, 1977, Oahu's third-party complaint against City

Bank was dismissed without prejudice. On April 14, 1977, Security filed its answer to the third-party complaint. Kumahira filed its answer a week later.

On September 23, 1977, the Wakuyas, pursuant to Rule 12 of the Rules of the Circuit Courts, moved for an enlargement of the time within which to file their statement of readiness. The trial court agreed to enlarge the time to December 30, 1977. On that day the Wakuyas moved for a second extension. This motion was opposed by Oahu. The court, nevertheless, granted another extension to January 25, 1978. The Wakuyas duly filed their statement of readiness on that date, and that same day filed their pre-trial statement. Oahu filed its pre-trial statement on February 2, 1978; Security filed its statement on February 3; and Kumahira filed its statement on February 8.

On February 10, 1978, the Wakuyas presented the court with documents identifying Security and Kumahira as two of the John Does referred to in their complaint, and on February 13, 1978, the court signed an order making Security and Kumahira parties defendants and directing that service be made upon them. Service of process was duly made, and on April 17, 1978, Security filed its motion to dismiss. Kumahira filed a similar motion three days later. The case had not yet been scheduled for trial. Both Security and Kumahira claimed (1) that they were prejudiced as a matter of law because the plaintiffs waited thirteen months after they were made third-party defendants in the action, before naming them as party defendants in the original action, and (2) that they did not receive notice of the institution of the underlying action within the applicable statute of limitations, as required by Rule 15(c) of the Hawaii Rules of Civil Procedure. The court heard both motions on April 27, 1978. When asked by the court why he waited thirteen months to identify Security and Kumahira as John Doe defendants, the Wakuyas' counsel replied:

> I believe it was a case of being lulled into the fact that all the proper parties were in the lawsuit. There was a maintenance contractor, the manufacturer and distributor were in the lawsuit. And it was the type of situation where it would be easier to be lulled into the fact that all the parties are here.

The trial court thereafter granted both motions. The case against Oahu proceeded to trial. The jury returned a verdict in favor of

Oahu. Judgments were entered in favor of Security, Kumahira, and Oahu and the Wakuyas appealed. The matter was assigned to the intermediate court of appeals for disposition. That court reversed and remanded for a new trial as to all three defendants. *Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.,* 2 Haw. App. 373, 636 P.2d 1352 (1981). This court denied Oahu's petition for certiorari but granted certiorari to Security and Kumahira, for the purpose of determining whether, as to them, the statute of limitations had run.

John Doe defendants may be joined in an action pursuant to Rule 17(d) of the Hawaii Rules of Civil procedure which provides:

Unidentified Defendant. When it shall be necessary or proper to make a person a party defendant and it shall appear by affidavit of the attorney that the affiant has been unable to ascertain the name of the defendant or a part of his name or to ascertain his identity, the court may on motion with or without notice order the action to proceed against him, adding a description of his interest in the action and stating so much of his name as is known. The person intended shall thereupon be considered a defendant to the action and as sufficiently described for all purposes, including service of process.

With respect to Rule 17(d) and its application in this case, the intermediate appellate court observed:

We think it is obvious and well recognized that one of the primary purposes of Rule 17(d), HRCP, is to toll the statute of limitations with respect to parties who cannot be identified prior to the running thereof.

Unfortunately, Rule 17(d) is silent as to the mechanics to be followed when a John Doe's identity has been ascertained. Since the John Doe is a defendant and sufficiently identified for all purposes under the express provisions of Rule 17(d), HRCP, the identification and order for service is not an amendment changing a party, such as is dealt with in the second sentence of Rule 15(c), HRCP, nor an amendment adding a party, such as is dealt with in Rule 21, HRCP. Here the appellants filed a document entitled "Identification of John Doe Defendants," and affidavit of counsel in support thereof, and obtained from the court an ex

parte "Order Identifying John Doe Defendants". . . . In the absence of any provision in the rules with respect to the mechanics of identifying the John Doe defendants on the record and making service upon them, the procedure followed here seems an acceptable one. [2 Haw.App. at 378, 636 P.2d at 1356-57.]

The appellate court then pointed out that had this been a case where prejudice to Security and Kumahira by reason of the 13-month delay had been shown, its ruling might well have been different.

Here, [however], Security and Kumahira received notice of the action and the claims by reason of the filing of the third-party complaint. That third-party complaint had attached to it, as Exhibit A, the complaint filed by the appellants. So they had notice of the claim of appellants from that time on. Indeed, Security had even filed a pretrial statement some days prior to its identification on the record.

Since one of the purposes of HRCP Rule 17(d) was to toll the statute of limitations in situations where parties could not be identified at the time of the filing of the suit and before the running of the statute, and since no prejudice is shown by the delay in identifying Security and Kumahira on the record, we hold that the court below erred in dismissing the complaint as to those parties. [2 Haw.App. at 380, 636 P.2d at 1357-58.]

We agree with the intermediate court of appeals that Rule 17(d) does toll the statute of limitations with respect to Doe defendants who cannot be identified prior to the running of the statute. But we disagree that the presence or absence of prejudice to these Doe defendants should be the determining factor. Such a test, for example, would not take into consideration the rights of originally named defendants to an expeditious disposition of the cause against them. We think, instead, that Rule 17(d) should be read in conjunction with Rule 12 of the Rules of the Circuit Courts.

Said Rule 12 requires a plaintiff to file a statement of readiness within one year after his or her complaint has been filed or within any extension granted by the court. *See* Rule 12(f) of the Rules of the Circuit Courts.[1] Rule 12 contemplates that within this time frame

---

[1] Rule 12(f) provides that "[w]here no statement of readiness has been filed within one year after a complaint has been filed or within any extension granted by the court,

"all necessary or proper preliminary proceedings allowed by statute and rule [will] have been completed by all parties; or if such proceedings have not been completed, either that there has been a reasonable opportunity to complete them, or that the parties [did] not intend to conduct them." Rule 12(b)(2). Within that time, presumably, the plaintiff should have been able through his diligent efforts and by means of discovery proceedings to ascertain the identity and potential liability of his Doe defendants.

The filing of a statement of readiness signifies that the cause is ready for trial. We think, therefore, that unless the circuit court has extended the time for the filing of the statement or the court has, even after its filing, extended the time for identifying the Doe defendants, the plaintiff must submit his identifications within a reasonable time following the expiration of the one-year period imposed by Rule 12(f) for the filing of the plaintiff's statement of readiness. We recognize that there may be situations where the time allowed by the rule might be too restrictive, as where the suit involves products liability or the witnesses are scattered outside the state. Reasonable extensions in such cases ought to be freely given, so long as it is shown that the plaintiff has been exercising due diligence in the proceedings. In any event, the matter of extensions is addressed to the sound judgment of the trial court.

In the present case, the Wakuyas filed their statement of readiness on January 25, 1978, and on February 10, 1978, they presented the court with documents identifying Security and Kumahira as two of the Doe defendants referred to in their complaint. This was done prior to trial. In these circumstances, we think these Doe defendants were seasonably identified.

Affirmed.

*Jeffrey S. Portnoy* and *Kristin Brandsma (Cades Schutte Fleming & Wright*, of counsel) for the Writ and on the brief, for Defendant and

---

the clerk shall notify in writing all parties affected thereby that the case will be dismissed for want of prosecution unless objections are filed within 10 days after receipt of such notice. If objections are not filed within said 10-day period or any extension granted by the court, the case shall stand dismissed with prejudice without the necessity of an order of dismissal being entered therein. Where objections are filed within said 10-day period or any extension granted by the court, the court shall hear said objections upon notice and determine whether the case should be dismissed.

Third-Party Defendant-Appellee Kumahira Safe Company.
   Joined in the Writ:
   *Albert Gould* and *Benjamin L. Carroll, III (Albert Gould* of counsel) for Defendant and Third-Party Defendant-Appellee Security Corporation.
   *Hyman M. Greenstein* and *Wayne D. Parsons,* for Plaintiffs-Appellants Wakuya, Respondents.