723 P.2d 814

Hipolito J. CHACON and Martha Chacon, husband and wife, Plaintiff-respondents,

v.

SPERRY CORPORATION, a corporation, dba Sperry New Holland Division, Defendant-appellant,

and

Thomas O. Bingham and Marjorie Bingham, husband and wife; Koch Lumber & Implement Co., Inc., an Idaho corporation, Defendants.

Hipolito J. CHACON and Martha Chacon, husband and wife, Plaintiff-respondents,

v.

KOCH LUMBER & IMPLEMENT, INC., an Idaho corporation, Defendant-appellant,

and

Thomas O. Bingham and Marjorie Bingham, husband and wife; Sperry Corporation, a corporation dba Sperry New Holland Division, Defendants.

Nos. 15898, 15899.

Supreme Court of Idaho.

June 3, 1986.

Rehearing Denied Aug. 28, 1986.

Bobbi K. Dominick of Elam, Burke & Boyd, Boise, for appellant Koch Lumber & Implement.

Mary S. Hobson of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for appellant Sperry Corp.

Curtis Webb of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for respondents.

BAKES, Justice.

Defendants Koch Lumber & Implement Co., Inc., and Sperry Corporation bring this certified appeal from the district court's denial of their motion to dismiss plaintiffs' amended complaint. Plaintiffs' amended complaint, filed after the running of the applicable statute of limitations, substituted defendants' names in place of two fictitious names contained in the original complaint.

I

Hipolito Chacon's right foot was injured August 1, 1981, while Chacon was operating a forklift. Chacon filed this action on July 28, 1983, near the end of the two-year limitation period of I.C. § 5–219, naming as defendants Thomas Bingham, his employer; Marjorie Bingham, the employer's spouse; and two fictitious parties, ABC Implement Company and XYZ Manufacturing Company.

In April of 1984, Chacon determined that Koch Lumber & Implement Co. was the implement company which sold, and Sperry Corporation the manufacturing company which manufactured the forklift. On June 4, 1984, Chacon amended his complaint, deleting the fictitious names and inserting the names of Koch Lumber & Implement, Inc., and Sperry Corporation.

On June 12, 1984, Koch Lumber & Implement was served with summons and a copy of the amended complaint, and on June 14, 1984, Sperry Corporation was served. The record is uncontroverted that, prior to receiving service, neither Koch Lumber & Implement nor Sperry Corporation had any knowledge of this action or the claim of Chacon.

Koch Lumber & Implement and Sperry Corporation moved to dismiss the amended complaint, alleging that the amended complaint had not been filed within the two-year statute of limitations set forth in I.C. § 5–219, which is applicable to this action. The district court denied this motion, ruling that the amendment did not bring in new defendants but merely correctly identified party defendants already before the court, reserving for later determination whether plaintiffs had used diligence in attempting to discover the identity of the true parties. The defendants' motions for reconsideration were denied. This interlocutory appeal followed.

II

I.R.C.P. 10(a)(4) permits a plaintiff to use a fictitious name in the pleadings when the adverse party's true name is unknown and to later amend the pleadings to reflect the party's true name. The central issue raised in this appeal is whether I.R.C.P. 15(c) permits the amended pleading, adding the name of a party for the first time, to

relate back to the date of the original pleading and thereby avoid dismissal of the amended pleading for failure to comply with the two year statute of limitations.

In 1959, when this Court by order adopted the Federal Rules of Civil Procedure as the rules of procedure in Idaho, the then existing Federal Rule 15(c), which the Idaho rules adopted, read as follows:

> **"Rule 15(c). Relation back of amendments.**—Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In 1966, Federal Rule 15(c) was amended by adding the underlined language in the amended rule as follows:

> **"Rule 15(c). Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*
>
> "The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or offi-

cer thereof to be brought into the action as a defendant." (Underlining added.)

The federal cases interpreting Rule 15(c) as it appeared *prior* to the 1966 amendment generally held that amendments to a complaint made after the running of statute of limitations did not relate back to the time of the original filing of the complaint for statute of limitations purposes. *See, e.g., Robbins v. Esso Shipping Co.,* 190 F.Supp. 880 (S.D.N.Y.1960); *Athas v. Day,* 161 F.Supp. 916 (D.Colo.1958). However, after the 1966 amendment to Rule 15(c) adding the above italicized language, the federal cases have consistently held that, for purposes of statutes of limitations, the amended complaint designating the true name of a party previously pleaded by a fictitious name relates back only if the notice requirements of amended Rule 15(c) are met. *See* Wright & Miller, Federal Practice & Procedure, § 1498 (1971). *See also Sassi v. Breier,* 584 F.2d 234 (7th Cir.1978); *Craig v. United States,* 413 F.2d 854 (9th Cir.1969), *cert.den.* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451; *Bufalino v. Michigan Bell Telephone Co.,* 404 F.2d 1023 (6th Cir.1968), *cert.den* 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969).

The notice requirements articulated in the second sentence of F.R.C.P. 15(c) are intended to ensure that:

> "any party who is to be added by amendment after the limitations period has expired had adequate notice of the action and of plaintiff's mistake in failing to name him at the outset. Otherwise, the deprivation of the new party's right to invoke a statute of limitations defense might raise a question of procedural due process. To guard against this possibility, Rule 15(c) provides that within the period prescribed for commencing an action against him, 'the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been

brought against him.' If these prerequisites are satisfied and if the amended claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, then any amendment 'changing' a party against whom a claim is asserted will relate back." Wright & Miller, *supra.*

In 1975, when Idaho made its first major revision of the Idaho Rules of Civil Procedure and incorporated the changes which had been made in the Federal Rules of Civil Procedure after their adoption in Idaho in 1959, the Civil Rules Advisory Committee recommended the Court adopt the 1966 amended Federal Rule 15(c), including the following language:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The general rule of construction which this Court has adhered to regarding the adoption of statutory language from another jurisdiction is that the adoption of that language is presumed to be with that jurisdiction's prior interpretation upon it. *Odenwalt v. Zaring,* 102 Idaho 1, 4, 624

P.2d 383, 387 (1981). *See also Leliefeld v. Johnson,* 104 Idaho 357, 367, 659 P.2d 111, 121 (1983). In our recent case of *Leliefeld v. Panorama Contractors, Inc.,* 111 Idaho 897, 728 P.2d 1306 (1986) (petition for rehearing granted, March 26, 1986), we reaffirmed the following rule from *Odenwalt:*

"This court has consistently held that '[a] statute which is adopted from another jurisdiction will be presumed to be adopted with the prior construction placed upon it by the courts of such other jurisdiction.' *Nixon v. Triber,* 100 Idaho 198, 200, 595 P.2d 1093, 1095 (1979); *State v. Miles,* 97 Idaho 396, 545 P.2d 484 (1976); *Doggett v. Electronics Corp. of America,* 93 Idaho 26, 454 P.2d 63 (1969)." *Leliefeld v. Panorama Contractors, Inc.,* 111 Idaho at 897, 728 P.2d at 1306, *quoting from Odenwalt,* 102 Idaho at 5, 624 P.2d at 387.

We see no difference between the adoption of a statute by the legislature or a rule by this Court. Thus, our adoption in 1975 of the above referenced language in post-1966 Federal Rule 15(c) is presumably with the interpretation placed upon that language by the federal courts.[1] The federal court's interpretation of Rule 15(c) after the 1966 amendment has been that the amendment of a complaint to designate the true name of a previously fictitiously designated party will relate back to the date of the filing of the original complaint *only if* the notice requirements of amended Rule 15(c) are met. Wright & Miller, *supra; Craig v. United States, supra; Bufalino v. Michigan Bell Telephone Co., supra.*

---

1. The 1975 Idaho amendment to Federal Rule 15(c) added one other sentence, not contained in the federal rule, concerning real parties in interest. The additional sentence reads, "The relation back of an amendment joining or substituting a real party in interest shall be as provided in Rule 17(a)." The purpose of that additional sentence was explained in the comments to the 1975 amendments to the Idaho rules as follows:

"COMMENT: The committee recommends adoption of the Federal rule. *The scope and conditions of the relations back of amendments has always been one of considerable difficulty, particularly where it involves the* statutes of limitation. *The committee felt that the existing [post-1966] Federal rule quoted above provided more direction and guidelines in this regard.* However, as the rule appears to only deal with an amendment of a plaintiff changing the party defendant, it was felt that reference should be made to rule 17(a), as to the relation back effect of joining or substituting a real party in interest.... (Such as if suit was originally brought in the name of the wrong party, and later the proper party plaintiff was substituted in the action.) Accordingly the second to last sentence was added." (Emphasis added.)

Respondents argue that the 1975 amendment to I.R.C.P. 15(c) is not applicable because of the simultaneous adoption in 1975 of I.R.C.P. 10(a)(4), which has no comparable provision in the Federal Rules of Civil Procedure. As respondent correctly points out in his brief, Rule 10(a)(4) is substantially the same as Section 268 of the Code of Civil Procedure adopted by the Idaho Territorial Legislature in 1881 and which remained in the Idaho Code until the year 1975 when, as I.C. § 5–906, it was repealed.[2] I.R.C.P. 10(a)(4) reads as follows:

> "**Rule 10(a)(4). Unknown party.**— When a party does not know the true name of the adverse party he may state that fact in the pleadings and designate such adverse party by any name and the words, 'whose true name is unknown,' and when his true name is discovered the pleading must be amended accordingly."

While there is no comparable federal rule relating to fictitious parties, there was at the time and still is an established federal practice in most federal circuit courts even without such a rule, recognizing the right to plead fictitious parties. *See LeGrand v. Evan*, 702 F.2d 415, 417 (2d Cir.1983); *Schindler v. Wabash R. Co.*, 80 F.Supp. 685, 686 (W.D.Mo.1948). Thus, while there is no comparable federal rule, there is a comparable federal practice, and the federal courts have held that practice to be subject to the provisions of Rule 15(c). *See Sassi v. Breier*, 584 F.2d 234 (7th Cir.1978); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3d Cir.1977).

■ I.R.C.P. 10(a)(4) does not address the question of the doctrine of relation back or the effect of an amendment changing the name of a party against whom a claim is asserted, *vis-a-vis* the statute of limitations.[3] That issue is directly addressed by the 1966 amendment to Federal Rule 15(c) and the 1975 amendment to I.R.C.P. 15(c) which incorporates the 1966 federal amendment. Thus, Rules 10(a)(4) and 15(c) do not conflict. However, even if they did, it is the general rule of construction that the specific statute or rule, 15(c), in the event of conflict, would prevail over the general statute or rule, 10(a)(4). I.R.C.P. 10(a)(4) expressly permits the otherwise generally accepted practice of pleading fictitious parties, but makes no reference to the statute of limitations. I.R.C.P. 15(c) specifically addresses and provides the conditions under which an amendment changing the name of a party previously designated will relate back for purposes of the statute of limitations. Since I.R.C.P. 15(c) is the specific provision regarding the statute of limitations which, at the time of its adoption in 1975, had been interpreted by the federal courts to apply to amendments changing the names of fictitiously designated parties, Rule 15(c) controls on the statute of limitations issue. Accordingly, any amendment applied to fictitious party pleadings filed under I.R.C.P. 10(a)(4) will relate back to the date of the original filing only if the requirements of Rule 15(c) are complied with.

■ The state court decisions are divided on whether or not the amendment of a complaint designating a named defendant in place of a fictitious defendant relates back to the filing of the original complaint in order to toll the running of the statute of limitations. The different results in the various states generally reflects the fact that the statutes and rules in each state differ substantially. Many states have adopted the view that fictitious party pleadings are subject to the notice requirement

---

**2.** "Sec. 268. When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

**3.** As previously noted, I.R.C.P. 10(a)(4) was modeled after I.C. § 5–906 which, when originally enacted in 1881 as Section 268 of the Code of Civil Procedure, was adopted from Section 474 of the California Code of Civil Procedure. Subsequent to the adoption of the California act by the Idaho legislature in 1881, the California Supreme Court, in 1886, in Irving v. Carpenter, 11 P. 391 (Cal.1886), interpreted their statute to provide that amendments subsequent to the running of the statute of limitations relate back, thus avoiding the statute of limitations defense.

of Rule 15(c). *See, e.g., Medina v. Schmutz,* 677 P.2d 953 (Colo.App.1983); *Gould v. Tibshraeny,* 21 Ariz. 146, 517 P.2d 104 (App.1974); *Symms v. American Casualty Co.,* 131 Ga.App. 461, 206 S.E.2d 121 (1974).[4] There are cases which have ruled contrary to the federal courts' interpretation of amended Rule 15(c). *See Sooy v. Petrolane Steel Gas, Inc.,* 708 P.2d 1014 (Mont.1985); *Wakuya v. Oahu Plumbing & Sheet Metal,* 656 P.2d 84 (Hawaii 1982).

However, part of the reason for adopting the Federal Rules of Civil Procedure in Idaho, and interpreting our own rules adopted from the federal courts as uniformly as possible with the federal cases, was to establish a uniform practice and procedure in both the federal and state courts in the State of Idaho. We recently adopted the Federal Rules of Evidence as the rules of evidence in Idaho in order to obtain uniformity in the trial practice in both the state and federal courts. Lack of uniformity in the rules of procedure, as well as rules of evidence, creates problems for both the courts and the practitioners. These problems can be avoided by interpreting our rules of civil procedure in conformance with the interpretation placed upon the same rules by the federal courts.

Our examination of case law directs us to conclude that the federal courts, both before and after our adoption of amended Rule 15(c), have held that an amended complaint designating the true names of fictitiously named defendants will not relate back and toll the statute of limitations *unless* the notice requirements of amended Rule 15(c) are satisfied.

## III

■ A. Nevertheless, we are mindful of the established practice in the state courts which is reflected in the trial court's decision in this matter. This practice allows the amendment of a complaint designating the true name of a fictitiously described party to relate back to the filing of the original complaint without meeting the notice requirements of Rule 15(c), if it can be established that the amending party proceeded with due diligence to discover the true identity of the fictitious party and promptly moved to amend and serve process upon the previously fictitiously described party. Because of the substantial reliance upon the previously existing practice, we deem it appropriate that the ruling in Part II of this opinion be prospective only, effective on the date that the remittitur issues to the district court in this case.

---

**4.** Even cases from the State of Nevada, which are relied upon by Chacon in support of his position, serve to persuade us that Rule 15(c) does apply. By court decision the Nevada court has adopted the notice requirements of amended Rule 15(c), even though the state hasn't formally adopted the 1966 amendment to Rule 15(c). That court, in *Lunn v. American Maintenance Corp.,* 618 P.2d 343 (Nev.1980), considered the amendment of a fictitious party pleading and, affirming an earlier decision, stated:

"[W]e announced the three factors that we perceived as governing the determination of when a proper defendant may be involved in an amended pleading even though the statute of limitations has run. They are that the proposed party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action; and (3) was not in any way misled to its prejudice. (Citations omitted). [*Servatius v. United Resort Hotels,* 85 Nev. 371] at 373, 455 P.2d [621] at 622–23. Those factors are not present here." 618 P.2d at 345.

Thus, in effect, the Nevada court ruled that its fictitious party rule was to be read in conjunction with the notice requirements articulated in amended Rule 15(c), even though Nevada had not yet adopted amended Rule 15(c).

On the issue of prejudice to the defendant who was not aware until after the statute of limitations had run that the action had been commenced, the Nevada court in *Lunn* found prejudice to the newly named defendant because "[t]he respondent's ability to timely investigate the scene of the accident, to marshall the evidence, and to locate witnesses has been lost or is greatly impaired." 618 P.2d at 345. The same sort of prejudice to the defendants is found in this case. The defendants Koch and Sperry were not served with the amended complaint until June of 1984, nearly three years after the accident occurred. Prior to that time, they had no notice that the plaintiff had been injured, allegedly by a forklift sold or manufactured by them, and their opportunity "to timely investigate the scene of the accident, to marshall the evidence, and to locate witnesses has been lost or is greatly impaired." 618 P.2d at 345.

■ B. All cases filed prior to the issuance of the remittitur herein shall be governed by the following rule. An amendment to a pleading designating the true name of a previously fictitiously described party shall relate back to the date of the filing of the original pleading in those circumstances where, after a factual hearing conducted by the trial court, the trial court finds that (1) the party seeking to amend can establish that just cause existed for not earlier determining the name of the fictitiously described party; (2) that after filing the complaint or other pleading designating a fictitious party, the filing party proceeds with due diligence to discover the true identity of the party or parties described fictitiously and to expeditiously amend the pleadings to identify the true party and effect service of process upon the true party; and (3) that no prejudice is shown to the defendant by the late service of summons and complaint after the statute of limitations has run.

■ As the trial court noted in this case, there was not sufficient evidence before the court at the time it ruled on the motion to dismiss to determine whether or not due diligence had or could be shown. Accordingly, the judgment of the district court denying defendants' motion to dismiss is affirmed, as modified in this Part III(B), without prejudice to renewing the motion to dismiss after sufficient time to conduct discovery on the issue of due diligence.

Affirmed, as modified, and remanded for further proceedings consistent with this opinion. No costs or attorney fees allowed.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, Justice, concurring in part only and dissenting:

Where this Court recently in *Leliefeld II* bottomed its decision on *Odenwalt v. Zaring* [1] on the proposition that when our legislature adopts the statutory law of another state, it adopts case law from that other state which interprets or applies that statutory law, the district judge and the respondents will have just cause for becoming disconcerted, disappointed, and despondent in reading today's opinion for the Court— an opinion which acknowledges the existence of I.R.C.P. 10(a)(4), but sees little in its long tenure as a statute—which tenure far, far outstrips the Court's own Rule 10(a)(4). This strange affair will be all the more startling to counsel involved in the case, and many other attorneys in the state who are well aware that the author of today's opinion for the Court has chaired most of the various committees which manufacture and amend the rules for the Court's promulgation. The promulgation of Rule 10(a)(4) was simply a switch from a statute to a rule, and *had nothing whatever* to do with Idaho's adoption of the federal rules of civil procedure, in general, and specifically with Rule 15(c) dealing with amendments.

Despite the fact that nothing in the annotation to Rule 10(a)(4) provides the historical change from rule to statute, it is inescapable that the chairman and members of that particular court-appointed committee were well aware that the rule was *not* a product of committee draftsmanship, but rather was a verbatim reproduction of an Idaho statute with some really long whiskers on it. That statute was I.C. § 5–906. Although it will not be found in the 1979 publication of Volume 2 of the Idaho Code, nor in the 1985 Cumulative Pocket Supplement thereto, the 1978 pocket part to the 1948 publication of Volume 2 clearly sets forth in an annotation to I.C. § 5–906 (repealed) the compiler's note informing the interested reader that I.C. § 5–906 was repealed by Sess. Law 1975, ch. 242, § 1, which was "AN ACT TO REPEAL PROCEDURAL STATUTES IN CONFLICT

1. *Leliefeld v. Panorama Contractors, Inc.,* 111 Idaho 897, 728 P.2d 1306 (1986) (pending rehearing granted Mar. 26, 1986) (*Leliefeld II*); *Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1981).

Both of these cases are relied upon in today's majority opinion as support for this Court's being bound by case law under C.F.R. 15(c)—whenever the Idaho counterpart is under consideration.

WITH OR COVERED BY RULES ADOPTED BY THE IDAHO SUPREME COURT ON PROCEDURAL MATTERS." That was the demise of I.C. § 5–906—which was not "in conflict" with the Court's rule, but "covered by" Rule 10(a)(4)—to the extent that the language is *absolutely identical.* That statute, I.C. § 5–906, was on the books when some of us older practitioners were in law school, and indeed, until 11 years ago. Moreover, it was even on the books when Idaho made the transition from a territory to a state of the Union. The Idaho Admission Bill, 26 Stat.L. 215, ch. 656, § 21, specifically stated that "all laws in force made by said territory, at the time of its admission into the union, shall be in force in said state, except as ·modified or changed by this act or by the constitution of the state." Former § 5–906 was identical Code of Civil Procedure, which according to a 1903 volume in my office, was first enacted in 1872.

*Irving v. Carpentier,* 11 P. 391, decided by the California Supreme Court in the summer of 1886, revolved around the application of § 474. That court wrote:

The statute above referred to is an enabling one, and should be so construed as to cure the evil it was designed to correct, and advance the remedy. Persons are sometimes compelled to bring suits in haste. They have not time to ascertain the true names of parties to be made defendants. The statute of limitations may, in a day from the time the preparation of the complaint is commenced, effect a bar. Sometimes there is no means readily accessible of ascertaining the true names. The statute above referred to was enacted to afford a remedy in such cases. Should a plaintiff lose his right to have his case tried because of ignorance of the names of parties whom he has a right to sue, and as to whom he may have a good cause of action? How is the party sued by a name not his own injured? He loses no right by allowing a plaintiff to proceed as provided by the statute. He has every opportunity accorded to any other defendant to make his defense. He can demur or file his answer, and set up every defense which he is advised he can rely on. The counsel for respondent herein likens this case to that of a party allowed to bring an action for relief on the ground of fraud, in which case the cause of action is not deemed to have accrued until the discovery by the party aggrieved of the facts constituting the fraud. In construing this rule it has always been held that a party discovers the fraud when, by the use of reasonable diligence, he might have ascertained the facts constituting the fraud. *But the rule prescribed by the statute in this case is entirely different. It is when he is actually ignorant of a certain fact, not when he might, by the use of reasonable diligence, have discovered it. Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires. This is the true meaning of the statute.* We adopt it the more readily because the party thus brought in as a defendant loses no rights by it. *Irving, supra,* 11 P. at 392 (emphasis added).

In December of 1886, the Thirteenth Territorial Legislature met. In enacting its session laws it adopted and enacted respectively a new Political Code, a new Civil Code, a new Criminal Code, and a new "Code of Civil Procedure, regulating the entire subject of civil procedure in all the courts." *See* Introduction to Revised Statutes of Idaho, 1887. At page 458 of that enactment is found § 4230, reading then just as it did for all of those 88 ensuing years until its demise at the hands of a legislature all too willing to oblige the Court's request for its repeal. Nonetheless, however, it survived in rule form, and the rules committee saw not one whit of reason for changing a single word. Accordingly, the bar will be hardpressed indeed to understand why *it is that the rule must not be given the same liberal application that the California court placed upon it before the legislature of Idaho was the first to take it verbatim from California—and the rules committee like-*

*wise.* The California application still prevails in that state. *Austin v. Massachusetts Bonding & Insurance Co.,* 364 P.2d 681 (Cal.1961) (a unanimous decision of the court sitting *en banc* ). Consequently, *the rule of Idaho until today was that a complaint designating unknown defendants with fictitious names tolled the running of the statute of limitations as to those defendants.*

Many jurisdictions with provisions similar to Idaho's Rule 10(a)(4) have so reasoned, and have held that the statute of limitation is tolled regardless of compliance with the notice requirement of that equivalent to Rule 15(c). *Sooy v. Petrolane Steel Gas, Inc.,* 708 P.2d 1014 (Mont.1985); *Peek v. Merit Machinery Co.,* 456 So.2d 1086 (Ala.1984); *Santiago v. Becton Dickinson & Co.,* 539 F.Supp. 1149 (D.P.R.1982); *Wakuya v. Oahu Plumbing & Sheet Metal, Ltd.,* 636 P.2d 1352 (Hawaii Ct.App.1981), *aff'd* 656 P.2d 84 (Hawaii 1982); *Sousa v. Casey,* 111 R.I. 623, 306 A.2d 186 (1973); *Farrell v. Votator Division of Chemetron Corp.,* 62 N.J. 111, 299 A.2d 394 (1972).

The majority argues that I.R.C.P. 10(a)(4) does not apply because it "does not address the question of relation back or the effect of an amendment changing the name of a party against whom a claim is asserted, *vis a vis* the statute of limitations." This is true only if one reads Rule 10(a)(4) out of context with Rule 3(a) and with the prevailing case law construction of Rule 10(a)(4). Under Rule 3(a) an action is commenced against a party upon the filing of a complaint, in which, according to Rule 10(a)(4), an unknown party can be designated. Under the construction of this language in California (prior to Idaho's adoption of first the same statute and then embodied in a rule) and elsewhere, such a filing using fictitious name *tolls* the statute of limitations. Later, under Rule 10(a)(4), when the

fictitiously named party's "true name is discovered the pleading must be amended accordingly." Clearly, then, Rule 10(a)(4) *does* apply to both the "relation back" question and the tolling of the statute of limitations.

The majority asserts that Rule 15(c) ought to control over Rule 10(a)(4) because it is more specifically applicable to the questions here presented. A close reading of Rule 15(c) reveals just the contrary. Rule 15(c) pertains generally to amendments *"changing* the party against whom a claim is asserted...." (Emphasis added.) Here, in contrast, is concerned not the "changing" of the party, but the *identifying* of the party already designated in the complaint. *See Wakuya, supra,* 636 P.2d at 1156–57; *Peek, supra; Sooy, supra,* 708 P.2d at 1017; *Santiago, supra,* 539 F.Supp. at 1153; *Sousa, supra; Farrell, supra.*[2] As explained above, Rule 10(a)(4) as correctly applied *specifically controls* the questions of "relation back" and the tolling of statutes of limitation where a fictitious party is named.

The unfortunate result of the majority's holding is that henceforth plaintiffs, who timely commenced their action against unknown parties identifiable only by what they did do or omitted to do (hence, defendants are then unknown as to name), are denied a day in court on a technical and nonmeritorious defense, and an unfair hypertechnical Supreme Court opinion. *See Barrington v. A.H. Robbins Co.,* 702 P.2d 563, 565, 216 Cal.Rptr. 405, 702 P.2d 563 (Cal.1985). In the process, Rule 10(a)(4) is rendered a nullity and superfluous, as the majority well concedes by noting that the practice of pleading fictitious parties is "generally accepted" even without the benefit of statute or rule.

There remains again untouched in the majority opinion the proposition that, just

**2.** The fact that federal practice permits pleadings naming fictitious parties is meaningless, since that *practice* quite obviously lacks the status of a *rule* of procedure like Rule 10(a)(4). *See Santiago, supra,* 539 F.Supp. at 1153. This federal practice of necessity must conform with express Rule 15(c). Here, if anything, Rule

15(c) should conform with Rule 10(a)(4)'s statutory precursor which long ago established that statutes of limitation were tolled by filings timely made which designated defendants then unknown by name by what it was they had done or failed to do.

as in *Odenwalt, supra,* it must be presumed that the committee utilized the language of the same rule from our sister state of Nevada; the Supreme Court of that state had addressed the exact issue *at a time prior to the promulgation of the same rule in Idaho.* *Hill v. Summa Corp.,* 518 P.2d 1094 (Nev.1974). The opinion for the court held thusly:

> In our view, when a plaintiff's counsel has properly utilized NRCP 10(a), *adequately alleging intended defendants and present uncertainty as to their names, stating the names later in an amended pleading cannot be equated with "adding" totally new parties to the action.* Cf. *Knight v. Witco Chemical Co.,* 89 Nev. 586, 517 P.2d 792 (1973). Then, at least, there is no reason an amendment stating the names should be regarded differently under NRCP 15(a) than any other facts counsel may wish to correct or clarify by filing an amended pleading "once as a matter of course." By virtue of NRCP 10(a), the designated but unnamed defendants are already parties in legal contemplation. A subsequent amendment, stating their actual names, therefore relates back to commencement of the action as provided in NRCP 15(c). *Hill, supra,* 518 P.2d at 1095 (emphasis added).

The court was unanimous. Chief Justice Thompson, in a separate concurring opinion, provided a historical analysis of Nevada's Rule 10(a), much as I have done:

> Rule 10(a) is the successor to NCL 8641 which, in turn, was borrowed from Cal.C.C.P. 474, presumably with the construction given it by the California court. State ex rel. *Brennan v. Bowman,* 88 Nev. 582, 585, 503 P.2d 454 (1972).
>
> The Rule does not refer to a party who is not known. It does refer to a party whose name is not known. Thus, it appears to embrace the case where the plaintiff has in mind the identity or description of the fictitiously named defendant, but not his true name. *Mercantile Trust Co. v. Stockton Terminal & R. Co.,* 44 Cal.App. 558, 186 P. 1049 (1919); *Day v. Western Loan & Bldg. Co.,* 42 Cal.App.2d 226, 108 P.2d 702 (1940).
>
> The primary purpose of the Rule apparently is to enable the plaintiff to bring suit before it is barred by limitations. *Austin v. Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 15 Cal.Rptr. 817, 820, 364 P.2d 681, 684 (1961); cf. *Servatius v. United Resort Hotels,* 85 Nev. 371, 455 P.2d 621 (1969).
>
> When the case truly is one within Rule 10(a) and the true name of a defendant is *substituted* for the fictitious name, then, and only then, is he to be considered a party to the action from its commencement. *Hill, supra,* 518 P.2d at 1096 n.1.

While I fully appreciate that the majority opinion pays lip service to the far earlier existence of I.C. § 9–506, such does not obviate my criticism, but in fact serves to heighten it. In *Odenwalt, supra,* over a strong objection by both myself and Justice McFadden, Justice Bakes was able to persuade two other members of the Court to his notion that I.C. § 6–801 "is virtually identical to the Wisconsin comparative negligence statutes in effect in 1971;" and because "this Court has consistently held that 'a statute which is adopted from another jurisdiction will be presumed to be adopted with the prior construction placed upon it by the courts of such other jurisdiction,' " and therefore, "we should follow the interpretation which the Wisconsin Supreme Court had placed upon their comparative negligence statute prior to 1971." *Odenwalt, supra,* 102 Idaho at 4, 5, 624 P.2d at 386–87.

A majority vote having prevailed in *Odenwalt,* that exact rationale was applied in the opinion for the Court in *Leliefeld II* —which opinion Justice Bakes specifically declined to join, and from which Justice Shepard dissented without revealing any opinion for doing so. The opinion of Justice Bakes states that he concurred in the result. The "result," of course, may be confusing to some attorneys as to what is meant. By way of explanation, the "result" of an appellate court is what action it

takes on the judgment or order appealed from. Possibilities open are to affirm the lower court, in full or in part, or to reverse the lower court, in full or in part, or to affirm in part and modify, or direct modification by the lower court. The judgment of the appellate court is the "result." The *opinion* of the Court is the written statement of the *ratio decidendi,* meaning the reasoning of the Court, including precedential case law where applicable, by which it gets to its ultimate decision as to what will be done to the lower court judgment or order.

With that in mind, the reader will better understand my above statement that Justice Bakes did not join the opinion for the Court in *Leliefeld II.* Voting to affirm the judgment below, however, he set out his own *ratio decidendi* for doing so:

> As in this case, where the per cent of recovery by the plaintiff in the second trial is established to be at least as high as, or higher than, in the first trial, the court was correct in allowing interest on the award in the second judgment back to the date of the first judgment. *Leliefeld II, supra,* 111 Idaho at 897, 728 P.2d at 1306.

As might be expected, *Leliefeld II* is back with the Court again, a petition for rehearing having been granted. As the minutes of this Court reflect, the order was entered on March 26, 1986, with Chief Justice Donaldson, Justice Huntley, and Justice Bistline voting "Deny," with Justice Shepard voting "Grant," and Justice Bakes voting "Definitely Grant." This latter style of vote is entirely something new, and whether it is meant to signify the welcoming of a second opportunity to find some way to avoid the application of *Odenwalt* to *Leliefeld II,* or, perhaps, to afford a second opportunity for Justice Bakes to reconsider the law he would be making if two other members of the Court joined his *Leliefeld II* opinion, is unknown and speculative.

What is known and not in the least speculative, however, is that in *Afton Energy, Inc. v. Idaho Power Co.,* 107 Idaho 781, 693 P.2d 427 (1984), the opinion authored by Justice Huntley gained three concurrences

with Justice Bakes dissenting only in part and with opinion. Justice Shepard somewhat dampened the quality of his concurring with the majority thusly: "I concur in the Court's opinion solely to the end that should a petition for rehearing be filed I may be able to, and most assuredly will, cast a meaningful vote to grant rehearing...."

Those practitioners who previously may have been not interested in or unaware of the Court's own rule as to the requirement of the two votes necessary to order a rehearing, apparently took good note that day that a "meaningful vote" must be that of at least one justice in the majority—as witnessed thereafter by the increasing number of petitions for rehearing. All of which is to suggest not that Justice Bakes would not have concurred in the *Leliefeld II* result solely in order to vote as did Justice Shepard for the rehearing—but is to understand that his *Odenwalt ratio decidendi* was applicable to that case only, and to none other—and certainly not to *Leliefeld II,* and again not to this case.

For my part, here I would have preferred indulging in the belief that he somehow was unaware that six or eight months after the California Supreme Court handed down its opinion in *Irving v. Carter, supra,* quoted at length above, pp. 13–14, the Idaho territorial legislature enacted a statutory provision identical to California's § 474—all of which took place over a half-century before there was even only thought of Idaho's embarking into its version of the Federal Rules of Civil Procedure.

Justice Bakes, as the trial bar will be led to believe, entertains the view that it is better to sacrifice Idaho case law in order to achieve complete uniformity in the trial practice to the extent that what serves the goose (the federal practice) must also be good for the gander (the Idaho practice). I am not in the least persuaded to making that sacrifice, and can best express myself by again quoting a passage which was thought applicable in other cases:

> The most intolerable evil, however, under which we have lived for the past

twenty-five years, has been the changing and shifting character of our judicial decisions, by which we have been deprived of the inestimable benefit of judicial precedents as a safeguard to our rights of person and property.

There may be some very slight validity to the philosophy espoused by Justice Bakes in refusing to apply the California case to our identical statute (now rule), but there is no wisdom in it. We are the Idaho Court sitting at the top of the Idaho heap—as it were, and the federal system will go *its* own way—irrespectively of what this Court does.[3] Moreover, I would surmise that of the 2,000 or more attorneys in Idaho practicing trial work before Idaho's 33 district judges and sixty-some magistrates, perhaps only between five to ten percent of that number are in trial work before Idaho's three federal district judges, and that the federal practice of that scant number amounts to less than five percent of their average annual total trial practice—and usually less or none.

As said in a television comedy, "It's great to be King." Today, the majority in a mannerly most fatherly and patronizing, abandons statutory Idaho case law and magnanimously confers a benefit on the trial bar and the litigants which should be little welcomed. At least, and commendably, the majority makes its new rule prospective only. As far as the instant case be concerned, under existing case law the trial judge was 100 percent correct in his ruling and was not entitled to be slapped in the face with a reversal. To the extent that the majority makes its new rule prospective only, I concur. To the extent that it nevertheless requires the plaintiffs to show commensurate due diligence, which is at odds with the underscored language of the California case, *supra*, which was extant interpretative California case law when our entire code was re-enacted in 1887, I dissent.

3. As a generality our Idaho Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure. That was as initially done. Since then our Idaho rules have been amended, and amended, and amended, and new rules

added. Anyone having knowledge that the federal rules have been amended in order to conform with this Court's proliferative efforts should please report it in *The Advocate*.