870 P.2d 1300

**Sandra WATTS, Plaintiff–Appellant,**

v.

**Dr. James A. LYNN, Jr., and Available Products, Inc., and Benito Cicioni d/b/a Elbee Chemist, Defendants–Respondents.**

**No. 19935.**

Supreme Court of Idaho,
Coeur d'Alene, Oct. 1993 Term.

Feb. 2, 1994.

Rehearing Denied April 7, 1994.
Dissenting Opinion on Denial of
Rehearing by Bistline, Justice April 7, 1994.

Holland & Hart, Boise, for appellant. Steven B. Andersen, argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for respondent Lynn. Peter C. Erbland, argued.

Quane, Smith, Howard & Hull, Coeur d'Alene, for respondents Available Products and Elbee Chemist. Randall R. Adams, argued.

TROUT, Justice.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

This is a medical malpractice case. In July of 1986, Sandra Watts (Watts) sued her Wallace, Idaho dentist, Dr. James A. Lynn (Lynn), after she suffered medical problems allegedly caused by Lynn's negligence during a root canal procedure performed on or about April 12, 1984. In particular, Watts claimed that Lynn should not have used a tooth filler called "Sargenti Paste."

In her original complaint, Watts also named "Sargenti Corporation" as the manufacturer of Sargenti Paste. In actuality, no such corporation exists and Watts had only used the name "Sargenti Corporation" because the true name of the manufacturer of Sargenti Paste was unknown at the time the initial complaint was filed. Later the complaint was amended to name defendants Available Products, Inc. (Available) and Benito Cicioni d/b/a Elbee Chemist (Elbee), the manufacturer of Sargenti Paste.

Lynn moved for summary judgment, arguing that Watts could not comply with I.C. §§ 6–1012, 6–1013, which require that a medical malpractice plaintiff's expert witness demonstrate knowledge of the community standard of health care applicable to the alleged malpractice. In opposition thereto, Watts proffered testimony of three expert witnesses: (1) Dr. Stephen Cohen, a board-certified endodontist from San Francisco, California; (2) Dr. Blake McKinley, a board-certified endodontist from Spokane, Washington; and (3) Dr. Lee P. Coppess, a general practitioner from Coeur d'Alene, Idaho. All three of these doctors were deposed, and Drs. Cohen and Coppess filed affidavits. For purposes of our holding herein, only the affidavit of Dr. Cohen is relevant.

In his affidavit Dr. Cohen opined that Lynn's treatment of Watts fell below the community standard of care and constituted malpractice. With regard to his familiarity with the local standard of care, Dr. Cohen advised that he had familiarized himself with the community standard of care as it existed in Wallace in 1984, and that he had actual knowledge of that standard. Dr. Cohen stated that he had had discussions with three unnamed dentists—one in Coeur d'Alene, one in Pinehurst and one in Wallace. In his affidavit, specifically that part discussing his communication with a Wallace dentist (who the trial court found to be Dr. Branz), Dr. Cohen stated:

I have also familiarized myself specifically with the applicable community standards existing in 1984 in the Silver Valley, Idaho geographical community by discussing that subject with a dentist [Dr. Branz] in general practice in Wallace, Idaho, who was also practicing in Wallace, Idaho, during 1984. I confirmed that the standard of care of the practice of dentistry and the standard of care of endodontics for patients in the Wallace, Idaho, geographical community, as they existed in 1984, were the same as the national standards in the same areas of practice. I also confirmed with the local dentist that there were no deviations in the Silver Valley, Idaho geographical community in 1984 from the national standard of practice in the practice of dentistry and endodontics.

The trial court granted Lynn's motion for summary judgment, holding that the affidavit

344

and deposition testimony of each of Watts' experts was insufficient because the experts did not know the applicable community standard of health care. The trial court found Dr. Cohen's affidavit insufficient because the local dentist with whom he conferred, Dr. Branz, stated in an affidavit submitted by Lynn that he had told Dr. Cohen that the use of Sargenti Paste by Lynn was within the community standard of health care.

Available and Elbee also moved for summary judgment, arguing that Watts' claims against them were time-barred by I.C. § 5–219(4), which provides a two-year statute of limitations. Lynn performed Watts' root canal on April 12, 1984. Watts' initial complaint, filed on April 4, 1986, did not name Available and Elbee as defendants, instead naming a non-existent entity called "Sargenti Corporation." Watts did not indicate anywhere in the complaint that a fictitious name was being used until the true name was discovered. In her amended complaint, filed on November 21, 1986, Watts named defendants Available and Elbee. This amendment was filed more than two years after her April 12, 1984 procedure.

The trial court granted the summary judgment motion of defendants Available and Elbee, rejecting Watts' argument that under I.R.C.P. 10(a)(4) and this Court's holding in *Chacon v. Sperry Corp.*, 111 Idaho 270, 723 P.2d 814 (1986), her amended complaint related back to the filing of her initial complaint and therefore her claims against Available and Elbee were not time-barred. The

trial court found that Watts' failure to specifically designate "Sargenti Corporation" as a fictitious party in her initial complaint precluded her amended complaint from relating back to her original complaint under *Chacon*. Thus, the court found that Watts' claims against Available and Elbee were time-barred under the two-year statute of limitations of I.C. § 5–219(4).

Watts has appealed the grant of summary judgment to the defendants. For the reasons given below, we reverse the trial court's grant of summary judgment for Lynn and affirm the trial court's grant of summary judgment for Available and Elbee.

## II.

**THE DISTRICT COURT ERRED BY RULING THAT DR. COHEN DID NOT DEMONSTRATE THE REQUISITE FAMILIARITY WITH THE APPLICABLE COMMUNITY STANDARD OF HEALTH CARE**

■ The trial court granted summary judgment to Dr. Lynn because it found that Watts' experts failed to establish the requisite familiarity with the applicable community standard of care as required by I.C. § 6–1013 [1]. Under I.C. § 6–1013, a plaintiff's expert must establish malpractice through the testimony of at least one expert giving expert medical opinion: (1) actually held by the expert; (2) which opinion can be testified to with reasonable medical certainty; and (3)

1. I.C. §§ 6–1012 and 6–1013 govern the requirements of expert testimony in a medical malpractice case. Section 6–1012 requires as an essential part of plaintiff's case affirmative proof by an expert that the defendant failed to meet the applicable standard of health care in the community in which the care was, or should have been, given. I.C. § 6–1013 sets forth the requirements of the expert testimony needed to establish medical malpractice and provides:

 **Testimony of expert witness of community standard.**—The applicable standard of practice and such a defendant's failure to meet said standard must be established in [medical malpractice] cases by such a plaintiff by testimony of one (1) or more knowledgeable, competent expert witnesses, and such expert testimony

may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such an opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert opinion testimony is addressed; provided, this section shall not be construed to prohibit or otherwise preclude a competent expert witness who resides elsewhere from adequately familiarizing himself with the standards and practices of (a particular) such area and thereafter giving opinion testimony in such a trial.

which includes actual knowledge of the local community standard to which the expert's opinion is addressed. If the expert is not from the locality where the alleged malpractice occurred, the expert is not precluded from testifying but must demonstrate an adequate familiarity with local standards. *Clarke v. Prenger*, 114 Idaho 766, 760 P.2d 1182 (1988). This familiarity must be site and time specific. *Gubler v. Boe*, 120 Idaho 294, 815 P.2d 1034 (1991). As issues relating to the sufficiency of expert affidavits in medical malpractice cases have arisen on a fairly regular basis, a brief discussion of some of the Court's decisions may be useful.

In *Kozlowski v. Rush*, 121 Idaho 825, 828 P.2d 854 (1992), the defendant-physician was a medical doctor, practicing in Pocatello, Idaho. The plaintiff's expert witness was a board-certified obstetrician-gynecologist from Boston, Massachusetts. The plaintiff's expert testified that he was familiar with the local standard of care in Pocatello at the time of the alleged malpractice based on his board certification and his review of the deposition of another board-certified obstetrician-gynecologist who was practicing in Pocatello at the time of the alleged malpractice, which deposition was to the effect that the local standard of care at that time was the same as the national standard of care with one exception irrelevant to the case at hand. The plaintiff's expert testified that the treatment by the defendant-physician fell below the local standard of care during the relevant time period. The trial court struck the testimony of the plaintiff's expert, finding that the plaintiff's expert had not familiarized himself with and did not establish what the local standard of care was in Pocatello at the time of the alleged malpractice. The Supreme Court reversed, holding that the trial court erred in striking the plaintiff's expert's testimony, stating that the expert's review of the deposition of a Pocatello obstetrician-gynecologist regarding local standards and their similarity to national standards, along with his personal knowledge regarding national standards in similar cases, was enough to lay a foundation for his opinion regarding the actions of the defendant.

In *Clarke*, 114 Idaho at 766, 760 P.2d at 1182, the defendant-physicians were a board-certified family practitioner in Silverton, Idaho, and a board-certified general surgeon in Silverton, Idaho. The plaintiff's expert witness was a board-certified obstetrician-gynecologist from the state of Washington who stated that he had reviewed the pertinent medical records and treatment and was familiar with the standard of care in Shoshone County, Idaho and that the defendants' treatment of plaintiff fell below that standard. The trial court entered summary judgment for the defendant-physicians, ruling that the plaintiff's expert did not demonstrate the requisite familiarity with the community standard of care, and that plaintiff's expert was not in the same specialty of medicine as the defendant-physicians. The Court reversed, holding that the statements in the expert's affidavits established knowledge of the local standard of care and that the classification of the expert is not determinative. *Clarke*, 114 Idaho at 768, 760 P.2d at 1184. *See also Frank v. East Shoshone Hosp.*, 114 Idaho 480, 757 P.2d 1199 (1988) (affirming trial court's grant of summary judgment for the defendant where the plaintiff's out-of-area expert affirmatively testified that he did not discuss the standard of care with local doctors. A plaintiff's expert must familiarize himself with the local standard of care. The failure on the part of the plaintiff's expert was sufficient basis for the trial court to grant summary judgment for the defendant); *Dekker v. Magic Valley Regional Medical Center*, 115 Idaho 332, 766 P.2d 1213 (1988) (affirming trial court's grant of summary judgment for the defendant where there was no indication in the record that the plaintiff's out-of-area experts had any knowledge of the local standard, thus violating the rule that an out-of-area physician must demonstrate familiarity with the local standard); *Strode v. Lenzi*, 116 Idaho 214, 775 P.2d 106 (1989) (affirming the trial court's grant of summary judgment for defendant where plaintiff's expert did not state he made a local inquiry because, since he was board-certified in the same specialty and standard as defendant, he was familiar with what would be expected of

a board-certified orthopedic surgeon in Boise).

In this case, the trial court acknowledged that Dr. Cohen had conferred with a Wallace dentist regarding the community standard of care. However, the court nonetheless rejected Dr. Cohen's affidavit[2] as insufficient for the purposes of I.C. § 6–1013, based on an affidavit from Dr. Branz, the Wallace, Idaho dentist with whom Dr. Cohen conferred. The trial court found that Dr. Cohen did not know the community standard because the only Wallace dentist with whom he spoke, Dr. Branz, told him that, as far as Dr. Branz knew, almost every dentist in the area used Sargenti Paste and methodology during the 1970's and through the mid–1980's and that in Dr. Branz' opinion, the use of the Sargenti method was within the standard of care existing in Wallace in 1984 for general practitioners of dentistry.

■ By rejecting Dr. Cohen's affidavit based on Dr. Branz' affidavit, the trial court erroneously involved itself in weighing conflicting evidence rather than determining whether, for purposes of surviving a summary judgment, Watts had offered sufficient evidence. At the summary judgment stage, a trial court should refrain from making such factual determinations until evidence is heard on the disputed facts and should look to the affidavit itself to determine if it alleges facts which, if taken as true, would render the evidence therein sufficient. *Dunlap v. Garner*, Dkt. No. 18920 (Idaho 1993). I.C. § 6–1013 requires that the plaintiff's expert familiarize himself with the community standard. Dr. Cohen's affidavit stated that he did so and provided the factual background to support his familiarization. That the trial court found Dr. Branz' affidavit more truthful or convincing involves issues of weighing facts, which are not to be considered as the basis for a grant of summary judgment.

In *Dunlap*, we reversed the grant of summary judgment for defendants based on reasoning similar to that of the trial court in this case. In *Dunlap*, the defendant-physician was practicing obstetrics in Burley, Idaho. The plaintiff's expert was a physician practicing in Redmond, Washington. Plaintiff's expert submitted three separate affidavits in which he stated that he had consulted with physicians in Burley, Idaho regarding issues like the one in the case at hand; that, through these consultations, he had ascertained the standard of care for practitioners involved in obstetrical care in Burley, Idaho; that he had actual knowledge of the standard of care applicable to obstetricians at the time of the alleged malpractice; and that it was his opinion that the defendant fell below the applicable standard. The trial court granted summary judgment for the defendant, based primarily on affidavits from the Burley doctors with whom plaintiff's expert stated he had consulted, which affidavits disputed that such consultation had taken place. The trial court found that as a matter of law plaintiff's expert had not submitted sufficient information to establish his actual knowledge of the local community standard of care. *Dunlap v. Garner*, (1993).

This Court reversed, holding that the trial court erred in rejecting, at the summary judgment stage, the expert's affidavit because it conflicted with other affidavit testimony. The Court stated that a trial court should not involve itself in weighing conflicting evidence in the setting of a summary judgment motion, and that a trial court should refrain from making such factual determinations until evidence is heard on the disputed facts. *Id.* At the summary judgment stage the trial court must accept the affidavit as true and look to the affidavit

2. The focus here is on the affidavit submitted by plaintiff because, as the deposition testimony of plaintiff's experts reveals, and as noted by the trial court, at the time of their depositions, not one of plaintiff's experts had taken any affirmative steps to familiarize himself with local standards of care. It was after he was deposed that Dr. Cohen spoke with the Wallace dentist, Dr. Branz, about local standards. It was this discussion to which he referred in his affidavit.

itself to determine if it creates a question of fact sufficient to survive summary judgment.[3]

 In this case, the sworn statement of Dr. Cohen, taken as true, is sufficient to qualify him to express an expert opinion relative to the local standard of care and whether or not it was adhered to by Lynn, at least for purposes of summary judgment. Dr. Cohen stated in his affidavit that he familiarized himself with community standards for the relevant time period by conferring with a local dentist and was aware of no deviation from national standards. This statement comports with the requirements of I.C. § 6–1013 and this Court's prior holdings under that section. *Kozlowski v. Rush,* 121 Idaho 825, 828 P.2d 854 (1992); *Clarke,* 114 Idaho at 766, 760 P.2d at 1182. Accordingly, we hold that the trial court erred when it rejected Dr. Cohen's affidavit as insufficient.[4]

## III.

### THE DISTRICT COURT CORRECTLY RULED THAT WATTS' AMENDED COMPLAINT DID NOT RELATE BACK TO HER INITIAL COMPLAINT

The Idaho Rules of Civil Procedure allow a party whose true name is unknown to be named as such in the pleadings. I.R.C.P. 10(a)(4).[5] A subsequent amendment including the true name of the party will relate back to the filing date of the initial pleading if the party had actual notice of the pleading or knew or should have known about the action. I.R.C.P. 15(c). An exception exists for the relation back requirement of I.R.C.P. 15(c) under this Court's holding in *Chacon,* 111 Idaho at 270, 723 P.2d at 814. Under *Chacon,* complaints filed prior to the issuance of the remittitur in that case

> ... shall be governed by the following rule. An amendment to a pleading designating the true name of a previously fictitiously described party shall relate back to the date of the filing of the original pleading in those circumstances where, after a factual hearing conducted by the trial court, the trial court finds that (1) the party seeking to amend can establish that just cause existed for not earlier determining the name of the fictitiously described party; (2) that after filing the complaint or other pleading designating a fictitious party, the filing party proceeds with due diligence to discover the true identity of the party or parties described fictitiously and to expeditiously amend the pleadings to identify the true party and effect service of process upon the true party; and (3) that no prejudice is shown to the defendant by the late service of summons and complaint after the statute of limitations has run.

*Chacon,* 111 Idaho at 276, 723 P.2d at 820.

The amended complaint in this case was filed before the *Chacon* remittitur and the

---

3. Although *Dunlap* involved a grant of summary judgment based on inadmissibility under Rule 56(e), we consider the Court's reasoning regarding the trial court's error in weighing evidence to be equally applicable to our analysis here under I.C. § 6–1013.

4. Because we reverse the trial court's grant of summary judgment to Dr. Lynn based on the affidavit of Dr. Cohen, we do not specifically address the adequacy of the affidavit of Dr. Coppess.

Plaintiff has also argued that two of her proffered experts (Drs. Cohen and Coppess) satisfied the requirement of adequate familiarity with local standards under I.C. § 6–1013 because they reviewed deposition testimony of Lynn during which, according to plaintiff, Lynn testified that the Wallace standard of care was the same as the national standard. According to plaintiff, Dr. Cohen and Dr. Coppess were familiar with the national standard and once they reviewed Lynn's testimony, they were familiar with the local standard and could opine on whether it had been met.

Appellant's characterization here is not accurate. Lynn was asked whether it was his opinion that the standard of care was lower in Wallace than in Seattle or San Francisco, to which he replied "No." This is not the same as saying that the Wallace standard of care was the same as the national standard. Therefore, under I.C. § 6–1013, plaintiff's experts could not rely on such testimony in informing themselves of the local standard.

5. I.R.C.P. 10(a)(4) provides:

[w]hen a party does not know the true name of the adverse party, that fact may be stated in the pleadings and the adverse party designated by any name and the words, "whose true name is unknown," and when the true name is discovered the pleading must be amended accordingly.

trial court correctly found that the *Chacon* exception governed the relation back issue. However, the trial court found a "fatal flaw" in Watts' argument that her amended complaint related back to her initial complaint. That flaw was that in her original complaint Watts did not identify the fictitious defendant, "Sargenti Corporation," as an entity whose true name was unknown.

The trial court based this holding on its reading of both I.R.C.P. 10(a)(4) and its interpretation of the *Chacon* decision as it implicated that rule. The court found that in order to benefit from the relation-back exception of *Chacon*, a plaintiff had to identify a fictitiously named party as one whose true name is unknown. Since Watts did not do so, she could not use *Chacon* as a basis for having her amended complaint relate back to the original complaint so as to avoid the limitations bar.

 We agree. We hold that under I.R.C.P. 10(a)(4) and *Chacon*, the relation-back exception to I.R.C.P. 15(c) can apply only when the original pleading identifies a fictitious party defendant as one whose true name is unknown.[6] That is, in order for there to be relation-back under *Chacon*, there must be a clear indication that a plaintiff is naming a defendant by using a fictitious name. A party simply cannot call an adverse party any name it chooses, without a designation that the chosen name is fictitious, and later amend the complaint to use the party's true name, expecting that amendment to relate back to the initial complaint. Watts failed to comply with this rule because she did not state in her initial complaint that "Sargenti Corporation" was a fictitious name for a party whose true name was unknown. Therefore, her amended complaint, naming Available and Elbee and filed more than two years after the alleged malpractice, did not

relate back to her initial complaint and her claims against Available and Elbee were time-barred under the two-year limitations period of I.C. § 5–219(4).

## IV.

## CONCLUSION

For the reasons above, we reverse the trial court's grant of summary judgment for defendant Dr. James A. Lynn, affirm the trial court's grant of summary judgment for defendants Available Products, Inc. and Benito Cicioni d/b/a Elbee Chemist, and remand for proceedings not inconsistent with this opinion. No attorney fees on appeal. Costs to defendants Available and Elbee.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ., concur.

BISTLINE, Justice, dissenting on Denial of Petition for Rehearing:

Although I initially concurred in the majority opinion, upon reflection I now dissent from the denial of rehearing and indicate that, had rehearing been granted, I would have voted against retroactive application of the new rule, crafted in the initial majority opinion, to the parties in this case.

Our opinion holds that Watts is not entitled to the relation back exception that was developed in *Chacon v. Sperry Corp.*, 111 Idaho 270, 723 P.2d 814 (1986), because of a "fatal flaw" in Watts' initial pleading. That "fatal flaw" is the absence of any language in Watts' initial complaint identifying "Sargenti Corporation" as a party "whose true name is unknown." The absence of those five words is a "fatal flaw" according to our opinion because I.R.C.P. 10(a)(4) requires use of that specific language. I.R.C.P. 10(a)(4) provides:

---

**6.** We note that in the original complaint filed in *Chacon*, defendants were originally identified as the "A, B, and C Implement Companies" and the "X, Y and Z Manufacturing Companies." The names used in the initial complaint in *Chacon* are certainly more indicative of fictitious name status than the name "Sargenti Corporation" used in this case. Further distinguishing this case from *Chacon*, however, is the fact that the complaint in *Chacon* specifically stated that the true names of these defendants were unknown and that leave to amend would be sought upon discovery of the true names of the defendants.

[w]hen a party does not know the name of the adverse party, that fact may be stated in the pleadings and the adverse party designated by any name and the words "whose true name is unknown," and when the true name is discovered the pleading must be amended accordingly.

Although our opinion acknowledges that I.R.C.P. 10(a)(4) uses the permissive term "may," we nevertheless conclude that the language is to be interpreted as a mandatory "shall" in order to gain the benefit of the *Chacon* relation back exception. The rationale that we offer for that construction is that it prevents parties from calling "an adverse party any name it chooses, without a designation that the name is fictitious." It is a debatable point whether that rationale truly affords any additional protection to defendants in light of the actual notice requirement for post–*Chacon* remittitur plaintiffs and the rigorous three-part test that must be satisfied by a plaintiff, such as Watts, in order to invoke the pre–*Chacon* remittitur exception. However, I am reluctantly willing to accept that it is a reasonable requirement to impose on future litigants who, by virtue of today's opinion, have notice of this Court's continued limiting construction of the rule. What I now find unacceptable, despite my initial vote to the contrary, is the application of this new rule of technical pleading to the parties in this case.

Watts did not choose just "any" fictitious name to describe the actual corporate defendant or defendants. She used "Sargenti Corporation" in an attempt to approximate the name of the manufacturer of the product that she believed had injured her. Watts amended her complaint to name the actual corporate defendants in place of the fictitious "Sargenti Corporation" as soon as their true identities became known to her. The defendants defended against her action for several years before filing a motion for summary judgment claiming that her initial failure to utilize the words "whose true name is unknown" required dismissal of the case against them.

In light of this procedural history, our new rule should not be applied to Watts. In *Chacon* we acknowledged that the actual notice requirement should only be given prospective effect because we were "mindful of the established practice" of allowing amendment and relation back upon showing due diligence and because the plaintiff had shown "substantial reliance upon the previously existing practice." *Chacon*, 111 Idaho at 275, 723 P.2d at 819. Watts substantially relied on the plain language of I.R.C.P. 10(a)(4). The corporate defendants here have not established any prejudice from her failure to invoke five "magic words." Therefore, I believe we should be at least as mindful of her entirely reasonable reliance on the permissive language of I.R.C.P. 10(a)(4) as we were of the *Chacon* plaintiff's belief that I.R.C.P. 15(c)'s actual notice requirement was inapplicable. Such mindfulness would require that we only apply our new rule prospectively and reverse the district court's decision granting summary judgment in favor of the defendants. Accordingly, I dissent from the denial of rehearing.